■ JOAN VANDENBURGH et al., Respondents, v COLUMBIA MEMORIAL HOSPITAL, Appellant. — Appeal from so much of an order of the Supreme Court at Special Term (Williams, J.), entered March 30, 1982 in Greene County, as denied defendant's motion to strike Demand No. 1 in plaintiffs' notice of discovery and inspection. In the underlying action against Columbia Memorial Hospital, plaintiff Joan Vandenburgh seeks damages for personal injuries

sustained when she was allegedly left unattended in a hospital bathroom and fell attempting to return to her bed. On January 25, 1982, plaintiffs served a notice for discovery and inspection of "[A]ll incident reports made to the defendant by their employees in the regular course of their duties and including the care given to plaintiff * * * between March 10, 1981 at 8:35 P.M. and March 11, 1981 at 1:00 P.M.". In response, defendant moved pursuant to CPLR 3103 to strike plaintiffs' demand for copies of all incident reports made to defendant by its employees, contending that such reports were material prepared for litigation and immune from discovery under CPLR 3101 (subd [d]). Plaintiffs asserted that defendant had not provided sufficient proof that the report was prepared exclusively for litigation. Special Term denied defendant's motion to strike the demand for discovery and inspection. This appeal ensued. There should be an affirmance. We find the rule prevailing to be that "any written accident report, prepared in the regular course of business operations or practices, not for use in a criminal investigation or prosecution, is subject to full disclosure" (*Pataki v Kiseda,* 80 AD2d 100, 104, mot for lv to app dsmd 54 NY2d 831; see, also, Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1980-1981 Pocket Part, CPLR 3101:33, p 9). We decline to employ the distinctions between accident reports prepared by an insured for its liability insurance carrier under compulsion of insurance policy clauses, and accident reports prepared in the ordinary course of business operations or practices (see *Masters v Hassenpflug,* 110 Misc 2d 998), and hold that broad construction of discovery statutes "advance[s] the truth-determining function of trials and speedy disposition of cases" (*Hoenig v Westphal,* 52 NY2d 605, 610). An additional reason which compels our affirmance of the order is that defendant has failed to demonstrate that the subject report falls within the privilege conferred by CPLR 3101 (subd [d]) as a report prepared exclusively for litigation (*Koump v Smith,* 25 NY2d 287; *Zimmerman v Nassau Hosp.,* 76 AD2d 921; *Carlo v Queens Tr. Corp.,* 76 AD2d 824). It is not unreasonable to conclude that the report was "multi-motived", thereby not warranting immunity (*Chaplin v Pathmark Supermarkets,* 107 Misc 2d 541, 542; Siegel, New York Practice, § 348, p 430). It further appears that the report was made by defendant in the regular course of business in compliance with chapter V of the State Health Code[*] which requires that hospitals maintain reports of accidents in their regular course of business to, *inter alia,* prevent recurrence, discipline carelessness, and promote efficiency. Order affirmed, with costs. Mahoney, P. J., Sweeney, Yesawich, Jr., Weiss and Levine, JJ., concur.

---

[*] We note plaintiffs mistakenly cite 10 NYCRR 730.6 of the Hospital Code as authority for this requirement. Section 730.6, however, refers to nursing home facilities. Hospitals are required to maintain an "accident register" pursuant to 10 NYCRR 405.20 (a) (10).