■ TERRY VIRUET et al., Respondents, v CITY OF NEW YORK et al., Defendants, and TUFARO TRANSIT CO., INC., Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant Tufaro Transit Co., Inc., appeals from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated August 6, 1982, as, in effect, denied its motion for a protective order vacating that portion of plaintiffs' notice to produce which sought certain accident reports. The appeal brings up for review so much of an order of the same court, dated October 25, 1982, as upon reargument, adhered to the original determination. Appeal from the order dated August 6, 1982, dismissed. Said order was superseded by the order dated October 25, 1982,

made upon reargument. Order dated October 25, 1982 affirmed, insofar as reviewed. Respondents are awarded one bill of costs. Accident reports prepared by an investigator exclusively for litigation, not in the regular course of business practices, are conditionally exempt from disclosure (see *Pataki v Kiseda,* 80 AD2d 100, mot for lv to app dsmd 54 NY2d 831). The burden of demonstrating that particular reports are exempt from disclosure is on the party opposing discovery (*Carlo v Queens Tr. Corp.,* 76 AD2d 824). Defendant Tufaro Transit Co., Inc., has failed to present any evidence to show that the subject accident reports of its employees were prepared other than in the regular course of business. Its conclusory assertions that the reports were prepared exclusively for litigation, not as part of its routine internal practices, are not enough. On the record before us, Special Term correctly concluded that the accident reports were prepared as a result of the regular business operations of defendant Tufaro Transit Co., Inc. As such, the reports are discoverable under CPLR 3101 (subd [g]) (see *Pataki v Kiseda, supra*). Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.