■ In the Matter of GERTRUDE GOLDSTEIN, as Administratrix of the Estate of SYLVAN GOLDSTEIN, Deceased, Respondent, v NEW YORK DAILY NEWS, Appellant. — Order, Supreme Court, New York County (A. Ascione, J.), entered March 16, 1984, granting the motion of appellant New York Daily News for renewal, and on renewal, adhering to prior determination in

order of August 26, 1983, is modified on the law, and in the exercise of discretion, so as to strike the direction to appellant *New York Daily News* to produce the March 19, 1982 report, and the order is otherwise affirmed, without costs.

It appears from the record without contradiction that after the accident Mr. Schiavi, the News' manager of safety and loss prevention, informed the News' attorneys that the employee (petitioner's decedent) had been injured while at work, and Mr. Schiavi sought advice from the attorneys how to handle the incident; that at that point the attorneys asked Mr. Schiavi "to investigate the incident and to prepare a report for that firm's use in anticipation of litigation"; that consequently Mr. Schiavi investigated the accident and prepared the "confidential report" of March 19, 1982, which was transmitted directly to the attorneys.

(1) The report was prepared "in preparation for litigation" (CPLR 3101, subd [d], par 2). Although the *News* could not be sued by petitioner, its employees' administratrix, it is clear that there was a substantial risk that it would be sued as a third-party defendant, and in fact it has been. The report was prepared at the request of the attorneys, for the attorneys' use and recites on its title page that it was prepared in anticipation of litigation.

(2) The report is not rendered subject to disclosure by CPLR 3101 (subd [g]). "Not all written statements about an accident by an employee of a corporate defendant are discoverable pursuant to CPLR 3101 (subd [g]). To be discoverable the accident report must have been 'prepared in the regular course of business operations or practices of [the] * * * corporation' (CPLR 3101, subd [g]). Therefore, written reports of accidents prepared by an employee as part of the regular course of business operations or practices of the corporate tort-feasor and assembled for transmittal to its attorney, even where the sole motive behind the business operations or practices is litigation, are discoverable (see *Pataki v Kiseda,* 80 AD2d 100, mot for lv to app dsmd 54 NY2d 831). A distinction exists between said reports and written statements of accidents prepared exclusively for litigation, but not in the regular course of the tort-feasor's business operations or practices. Such reports are conditionally exempt from disclosure under CPLR 3101 (subd [d]). Examples of the latter are accident reports made by a defendant to his liability insurance carrier or his attorney with respect to the plaintiffs' claim" (*Matos v Akram & Jamal Meat Corp.,* 99 AD2d 527). This report was not prepared in "the regular course of business operations or practices" of the *News,* but only at the request of its attorneys for the use of the attorneys.

The *News* does not contend that all its accident reports relating to this accident are exempt from disclosure. It has in fact furnished other such reports to petitioner. It claims the privilege only as to the March 19, 1982 report prepared at the express request of the attorneys in connection with the *News* seeking professional services from the attorneys.

(3) Petitioner sought this information as preaction disclosure to enable petitioner to frame a complaint. But during the pendency of the motion for renewal, petitioner served a complaint — to be sure, because of the Statute of Limitations problem. All that the report can now do is to enable petitioner to serve an amended and more specific complaint. That sort of information can be obtained, to the extent that petitioner is entitled to or needs it, by disclosure proceedings in the pending action. Petitioner makes no claim that he needs this information to know whom else to sue; in fact the *News* has furnished petitioner with an affidavit stating that the March 19, 1982 report contains no undisclosed information regarding the identity of any manufacturer, installer, repairer or maintainer of the machine in question. Concur — Silverman, J. P., Bloom, Fein and Milonas, JJ.

Kassal, J., concurs in a memorandum as follows: I am in agreement, in part, with the observations of the majority and conclude, under the facts of this proceeding, that preaction disclosure is unavailable here, bearing in mind the limited scope of discovery available under CPLR 3102 (subd [c]). Accordingly, I agree that the order should be modified to deny the application for production of the Schiavi report of March 19, 1982.

Preaction discovery under CPLR 3102 (subd [c]) is a limited disclosure device, designed to enable a party to obtain necessary information needed in order to frame a complaint (*Matter of Simpson* [*Traum*], 63 AD2d 583). Upon such an application, it is incumbent upon the petitioner to present "facts fairly indicating a cause of action against the adverse party" (*Matter of Schenley Inds. v Allen,* 25 AD2d 742, 743; see, also, *Stewart v Socony Vacuum Oil Co.,* 3 AD2d 582; *Newell v Makhuli,* 50 AD2d 1060). Discovery will not be permitted where it is sought to determine whether facts supporting a cause of action exist (*Matter of Heller v State of New York,* 57 Misc 2d 976), nor where the plaintiff has sufficient information to frame a complaint (*Matter of Simpson* [*Traum*], *supra; New Rochelle Precision Grinding Corp. v Marino,* 9 AD2d 685).

On this record, preaction disclosure is unnecessary. It is undisputed that the disclosure is not needed in order to frame a complaint since concededly the underlying action against the manufacturer has already been commenced by the service of a

summons and complaint and appellant has been impleaded therein as a third-party defendant. On that basis, the issue as to the discoverability of the report prepared by appellant's manager of safety should be passed upon in the action itself, not in this proceeding governed by the limited basis for disclosure available under CPLR 3102 (subd [c]) (see *Matter of Simpson [Traum], supra*). Obviously, petitioner had sufficient information to frame a complaint and discovery for that purpose is no longer needed.