OPINION OF THE COURT
John G. Connor, J.
The issue presented herein is whether Northeast Coca-Cola Bottling Co., Inc., is entitled to disclosure of accident reports prepared by codefendant Golub Corporation relative to plaintiff’s injuries at one of Golub’s supermarkets. Golub refuses disclosure on the ground that its in-house claims department completed such a report only after it had been served with a summons and notice and thereafter investigated the matter. Golub asserts that any such report is material prepared exclusively for the purposes of litigation and immune from disclosure under CPLR 3101 (d) (2).
Pursuant to CPLR 3101 (g), any accident report prepared in the regular course of business is subject to disclosure, with *1048 certain exceptions not applicable here. In Pataki v Kiseda (80 AD2d 100, lv dismissed 54 NY2d 831), the Appellate Division, Second Department, addressed the problem when CPLR 3101 (g) comes into apparent conflict with CPLR 3101 (d) (2) and determined that CPLR 3101 (g) prevails. The Pataki court read CPLR 3101 (g) to require the disclosure of any accident report prepared in the regular course of business even though the sole business purpose was to prepare for litigation (supra, at pp 104-105).
The Appellate Division, Third Department, seemingly cited Pataki (supra) with approval in Vandenburgh v Columbia Mem. Hosp. (91 AD2d 710), requiring disclosure by the defendant of a report which was found to be “multi-motivated” by regular business practice as well as the preparation for litigation {supra, at p 711). Vandenburgh involved personal injuries sustained when the plaintiff fell at the defendant’s hospital. The plaintiff sought reports made by the defendant relative to her case, which the defendant refused upon the ground that such reports were prepared exclusively for litigation and therefore immune under CPLR 3101 (d) (2). While citing Pataki v Kiseda (supra), the Third Department did not clearly state that it was finding defendant’s reports subject to disclosure as accident reports prepared in the regular course of business pursuant to CPLR 3101 (g). Rather, the court apparently held that the defendants failed to meet the burden of demonstrating that such reports were prepared exclusively for litigation and, therefore, the defendant was not entitled to immunity from disclosure of the reports under 3101 (d) (2).
Later cases decided by the Third Department evidence that the Vandenburgh decision focused on the CPLR 3101 (d) (2) requirement that “[t]o be immune from discovery [the person seeking immunity] must demonstrate that the material sought was prepared exclusively for litigation” (Carden v Allstate Ins. Co., 105 AD2d 1048, 1049, citing Vandenburgh v Columbia Mem. Hosp., 91 AD2d 710, 711, supra; see also, Oppedisano v New York Mut. Underwriters,. 111 AD2d 452 [1985]). Both Carden and Oppedisano involved insurer’s reports of property loss due to fire rather than personal injury accident reports.
In a recent case relying on Pataki (supra), the Appellate Division, First Department, held that an accident investigation report prepared as a “confidential report” solely at the behest of the defendant’s attorney for use in the anticipation of litigation was not subject to CPLR 3101 (g) disclosure and immune under CPLR 3101 (d) (2) (Matter of Goldstein v New York Daily News, 106 AD2d 323, 324-325). Additionally, the report in Goldstein *1049 was forwarded directly to the defendant’s attorney upon completion, and other accident reports prepared in the regular course of business by the defendant’s safety and loss prevention department were provided without objection (supra).
The Pataki decision, however, has been questioned upon a review of the legislative history to CPLR 3101 (g) which indicates that the amendment merely codified existing law. Existing law at the time was that any accident report would be subject to disclosure unless it could be demonstrated that the report was prepared exclusively for litigation (see, Harris v Processed Wood, 89 AD2d 220). In Harris, the Appellate Division, Fourth Department, declined to follow Pataki (supra) finding that a report made by defendant’s employee to its insurer was immune from disclosure as it would have been under the law prior to the CPLR 3101 (g). The court found no indication of any purpose other than the defense and settlement of the action (supra, at pp 222-223).
The Second Department which authored Pataki (supra) later held that it also drew such a distinction between in-house reports made by a business as in Pataki and reports made to an insurer. “The latter constitute, at the minimum, materials prepared for litigation which are conditionally exempt from disclosure under CPLR 3101 (subd [d])” (Williams v Metropolitan Transp. Auth., 99 AD2d 530, 531; see also, Viruet v City of New York, 97 AD2d 435 [2d Dept]; Schneider v Schneider, 94 AD2d 700 [2d Dept]; Hill v Misericordia Hosp. Med. Center, 91 AD2d 915 [1st Dept]; Vernet v Gilbert, 90 AD2d 846 [2d Dept]).
It is unclear whether the Third Department would adopt the position of the Second Department in Pataki v Kiseda (80 AD2d 100, lv dismissed 54 NY2d 831, supra). As delineated by later cases, Pataki gives immunity only to accident reports prepared for an insurer. Any other accident report, even if prepared in the course of business solely for litigation, is not immune under CPLR 3101 (g) (see, Matos v Akram & Jamal Meat Corp., 99 AD2d 527).
The First Department apparently adopted this position in Matter of Goldstein v New York Daily News (106 AD2d 323, supra), but found that while the report in question was prepared exclusively for litigation by the defendant business, it was not prepared in the regular course of business (supra, at pp 324-325). The court can find no case from the Fourth Department on the issue since Harris v Processed Wood (89 AD2d 220, supra) and, therefore, its position is unknown as to an accident report prepared in the regular course of business exclusively for litigation and not for an insurer.
*1050 In the present case, in an affidavit, Golub’s claims manager asserts that the accident report was made only after Golub became aware of the incident involving plaintiff by service of the summons with notice. While that affidavit alleges that the report was therefore prepared solely for use in litigation, the testimony of an employee at Golub’s supermarket at the time of the incident indicates that the in-house claims department completes an accident report as a regular course of business upon receiving notice of an incident. The mere fact that Golub learned of plaintiff’s incident through service of the summons with notice rather than through its own employees is not determinative for the purpose of CPLR 3101 (d) (2) and 3101 (g). It is the motive Golub had in making the report which is determinative.
Reading the claims manager’s affidavit and the testimony of Golub’s employee together, “[i]t is not unreasonable to conclude that the report was ‘multi-motivated’ ” (Vandenburgh v Columbia Mem. Hosp., 91 AD2d 710, 711, supra). The accident report is, therefore, subject to disclosure pursuant to CPLR 3101 (g) and Golub has failed to sustain its burden to demonstrate that the report was prepared exclusively for litigation so as to be immune from disclosure under CPLR 3101 (d) (2) (see, Graf v Aldrich, 94 AD2d 823, 824).
Since this court finds that Golub’s preparation of the accident report was multimotivated and therefore subject to disclosure under Vandenburgh v Columbia Mem. Hosp. (supra), the court ventures no speculation as to whether the Third Department would follow Pataki (80 AD2d 100, supra) and its progeny. A definitive decision outlining the Third Department’s position regarding the disclosure immunity of accident reports prepared exclusively for litigation in the normal course of business and not for an insurer would be of great assistance in future cases.*
Motion granted. Defendant Golub to produce such accident report or reports relative to plaintiff’s claim within 20 days of service upon it of a copy of the order entered hereon.

 Although not at issue here, the court notes that the term accident report used in CPLR 3101 (g) is undefined. While the definition is generally accepted to cover personal injury accidents, it is unclear whether property damage reports, such as fire loss reports, for example, were also intended to be included (see, Sciascia v City of New York, 96 AD2d 901).