■ DONNA GAVIGAN et al., Respondents-Appellants, v OTIS ELEVATOR COMPANY, Appellant-Respondent.—Mikoll, J. Cross appeals from an order of the Supreme Court at Special Term (Hughes, J.), entered March 26, 1985 in Albany County, which partially granted defendant's motion for a protective order vacating plaintiffs' notice for discovery and inspection.

Plaintiff Donna Gavigan claims that she was injured on April 4, 1984 when an elevator door struck her as she was leaving the elevator. Plaintiffs alleged that defendant was negligent in its inspection, repair, adjustment, manufacture

and sale of the elevator. The elevator was not specifically identified in the complaint, which states that the accident involved "a certain automatic elevator located at and in the St. Peter's Hospital in Albany, New York".

Plaintiffs served a notice for discovery and inspection that demanded, *inter alia,* (1) records of all repairs made with respect to elevator doors of the "A-group" elevators at the hospital during a five-year period preceding the accident, (2) disclosure of any reports prepared by defendant regarding the accident, and (3) information as to any postaccident repairs to the elevator. Defendant moved for a protective order to strike that part of plaintiffs' notice seeking discovery concerning elevators other than the elevator involved in the action as irrelevant or privileged documents. Special Term granted plaintiffs' discovery requests, limiting, however, information as to repairs performed in the two-year period before the accident and referable only to the particular elevator in which the accident occurred.

Defendant contends that the disclosure of a report of the incident prepared by it for its insurer is exempt from disclosure pursuant to CPLR 3101 (d) (2). We agree. The affidavit of Anthony J. Prest in support of defendant's motion avers that he prepared the report for defendant's insurance company for use in possible litigation after an attorney informed defendant of the incident. We find *Vandenburgh v Columbia Mem. Hosp.* (91 AD2d 710), upon which plaintiffs rely, inapplicable. The instant report is not "multi-motived" and, therefore, falls within the ambit of CPLR 3101 (d).

We next consider whether Special Term erred in ordering discovery of subsequent repairs on the authority of *Caprara v Chrysler Corp.* (52 NY2d 114). In a negligence suit, proof of postaccident repairs is not ordinarily admissible. However, the assertion of a claim of defective manufacture, as alleged in plaintiffs' second cause of action, permits disclosure of such information. Special Term's order on this issue should, therefore, be affirmed. The time limitations imposed by Special Term for disclosure are otherwise reasonable and adequate. Special Term's exercise of discretion should not be disturbed *(see, Nitz v Prudential-Bache Sec.,* 102 AD2d 914).

Order modified, on the law, without costs, by reversing so much thereof as denied defendant's motion regarding item No. 1 in the notice for discovery and inspection; said item vacated; and, as so modified, affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.