■ RAYMOND ESPINOSA, Respondent, v A & S WELDING & BOILER REPAIR, INC., Appellant and Third-Party Plaintiff-Appellant-Respondent. ATLAS WELDING & BOILER REPAIR, INC., Third-Party Defendant-Appellant.—Judgment, Supreme Court, Bronx County (Alan J. Saks, J.), entered March 8, 1985, which, after a trial on the issue of liability only, adjudged

defendant A & S Welding & Boiler Repair, Inc. 50% liable and third-party defendant Atlas Welding & Boiler Repair, Inc. 50% liable, unanimously reversed, on the law, without costs or disbursements, and the complaint and third-party complaint dismissed.

Plaintiff, an employee of third-party defendant Atlas, was injured while he and his coemployees, using a chain hoist at a garage jointly occupied by A & S and Atlas, were loading a section of a boiler onto a truck admittedly owned by A & S. The evidence was sufficient, in our view, to establish A & S's ownership of the hoist also. In any event, when the bottom of the boiler section was raised above the level of the truck bed, it was pulled forward along an "I" beam to the front of the truck. Plaintiff's job was to guide the boiler section in order to position it in the truck bed before it was lowered. The chain hoist operator, a co-worker, then began pulling the lowering chain down to lower the section onto the truck bed. According to plaintiff, the chain jammed as the operator pulled on it, "trying to undo it", and the boiler section, weighing between 1,500 and 2,000 pounds, suddenly fell, landing on plaintiff's foot. In the five-year interval between the accident and the trial the chain hoist was used regularly three times a week without any problem or complaint. There was no evidence that the hoist had ever before malfunctioned. Plaintiff's expert did not inspect the hoist until nearly four years after the accident, when he conducted a cursory examination lasting about 15 minutes. He admitted that the chain would not jam even though he had tried to induce it to do so. Plaintiff's expert concluded that a defect in the racheting mechanism caused the chain to jam within the mechanism and to drop the boiler section more rapidly than if the mechanism had worked properly. This evidence was permitted, over objection, even though the expert had never opened the housing containing the racheting mechanism and despite his inability to replicate the jamming.

The judgment should be reversed since plaintiff failed to prove either a defect or notice thereof. There was no evidence of any prior jamming or other defects, or of any complaints as to the condition of the equipment, or of any prior repairs to the hoist other than normal maintenance. Nor was there any evidence of any negligent use of the hoist. Contrary to the court's instruction to the jury, the case does not call for the application of res ipsa loquitur since defendant A & S was not in exclusive control of the hoist. (Cf. *Corcoran v Banner Super Mkt.,* 19 NY2d 425.) Moreover, plaintiff failed to establish a

legal basis for the admission of his expert witness's testimony as to the cause of the accident. As already noted, the expert had never examined the interior of the hoist mechanism. No other witness testified as to its contents. No manufacturer's brochures were introduced. In such circumstances, the expert's conclusion was based on blind speculation. An expert may not guess or speculate. His opinion must be based on facts disclosed by the evidence or known to him personally. (*Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725-726; *Matter of Aetna Cas. & Sur. Co. v Barile*, 86 AD2d 362.) Moreover, plaintiff's expert's inspection of the hoist, cursory as it was, was too remote in time to show its condition on the date of the accident. Finally, the court should not have accepted the expert's testimony in response to a hypothetical question, to which objection was taken, that the failure to inspect and maintain the hoist regularly increased the probability of jamming. The evidence shows that the hoist was regularly maintained. Thus, there was no factual basis for the question.

Since plaintiff failed to make out a prima facie case, the complaint and third-party complaint must be dismissed. Concur—Murphy, P. J., Sullivan, Ross, Asch and Milonas, JJ.