■ RICHELLE CROWE, and Infant, by CINDY DYER, Her Mother
and Natural Guardian, Respondent, v LEDERLE LABORATORIES,
a Division of AMERICAN CYANAMID, Appellant, et al., Defen-
dant.—Yesawich, Jr., J. Appeal from that part of an order of
the Supreme Court at Special Term (Harlem, J.), entered
September 24, 1985 in Broome County, which granted plain-
tiff's motion to compel discovery and inspection of a report
prepared by defendant Lederle Laboratories.

In this action brought to recover damages for personal
injuries plaintiff is alleged to have sustained because of an
adverse reaction following innoculation with a vaccine of
defendant Lederle Laboratories (hereinafter defendant), plain-
tiff moved to discover certain documents prepared by defen-
dant.

Initially, plaintiff's counsel wrote defendant to put the latter
on notice of the claim, which assertedly was borne out by
medical evidence in counsel's possession. In response, defen-
dant requested the medical evidence be made available for
evaluation and plaintiff complied. Thereafter, defendant ad-
vised that plaintiff's medical course was not typical of postvac-
cination encephalopathy following administration of diphthe-
ria, tetanus toxoid and pertussis vaccine, and in effect denied
liability.

Meanwhile, defendant's professional medical services and
legal departments each compiled files on plaintiff's claim, in
the course of which the report at issue was generated; the
report, produced by the professional medical services depart-
ment and then apparently retained in the legal department
file, is said to contain expert medical opinions rendered as a
result of plaintiff's claim letter.

Defendant maintains this report was material prepared for
litigation and hence not discoverable (CPLR 3101 [d]). Affida-
vits offered on defendant's behalf attest that its professional
medical services department does not receive medical records
of putative claimants or issue medical reports with respect
thereto unless first directed to do so by the legal department.
The moving papers, however, contain excerpts of testimony

elicited from defendant's former manager of product claims, at his examination before trial, which reveal dual reasons for creating these files: one of which was to serve as a monitor of product complaints, the other being preparation for litigation.

In an attempt to clarify this apparent inconsistency, Special Term allowed defendant "the specific opportunity to produce an Affidavit stating that when * * * defendant receives notice of alleged brain damage to infants linked to its DTP vaccine, it does not, as a regular practice investigate whether or not its vaccine was causally related to such damage"; no such affidavit was forthcoming. Inasmuch as defendant failed to adequately buttress its contention that the report of its professional medical services department relating to plaintiff served but one exclusive purpose, and mixed purpose documents are not within the scope of CPLR 3101 (d) (2) *(Vandenburgh v Columbia Mem. Hosp.,* 91 AD2d 710, 711), Special Term properly concluded the report was subject to discovery.

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.