OPINION OF THE COURT
Loren N. Brown, J.
By notice of motion, dated February 4, 1987, and supporting papers, defendants Thompson, Brunell, Saratoga County Sheriffs Department and Saratoga County move for an order protecting them from discovery and inspection of the arrest *1028 records of Robert Berliner, the assailant of the late Tina M. Berliner, and of statements of defendants Thompson and Brunell, purportedly prepared in anticipation of litigation. The plaintiff has withdrawn his request for the arrest records of Berliner, thus mooting that aspect of the motion.
In this action, the plaintiff prays for damages from the defendants for their alleged failure to take effective measures to protect the late Tina Berliner from the assault of her estranged husband, Robert Berliner. Following the fatal assault, defendants Brunell and Thompson, two Deputy Sheriffs at the scene of the assault, made statements to defendant Sheriff James Bowen. The plaintiff sought discovery and inspection of the statements by service of his demands on July 11, 1986. Having received no response, the plaintiff moved to compel discovery on October 21, 1986. The moving defendants consented to a 60-day conditional order. In the defendants’ response, served shortly before the 60-day period expired, they refused to disclose the statements of Brunell and Thompson on the grounds that the material was prepared in anticipation of litigation and not discoverable. (CPLR 3101 [d] [2].) The plaintiff contends that the report is discoverable as an accident report, pursuant to CPLR 3101 (g).
CPLR 3101 (g) provides, in pertinent part: "Accident reports. Except as is otherwise provided by law, in addition to any other matter which may be subject to disclosure, there shall be full disclosure of any written report of an accident prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity”.
Assuming, arguendo, that the reports of Thompson and Brunell could be considered an accident report within the meaning of CPLR 3101 (g), the only factual demonstration of the use of the reports is provided to the court by way of the affidavit of Sheriff Bowen, which stated that the reports were elicited at his request, that the reports were obtained solely in anticipation of litigation, and that the reports were not made in the normal course of his department’s operation. The court has received no factual demonstration by way of affidavit that the reports were submitted for more than one purpose, as preparation for litigation. Therefore, the plaintiff cannot rely upon CPLR 3101 (g) or upon the "multi-motivated” report exception to the immunity rule. (Vandenburgh v Columbia Mem. Hosp., 91 AD2d 710.)
*1029 In summary, the applicable law does not allow disclosure, and the demand for disclosure must be considered palpably improper (Viruet v City of New York, 97 AD2d 435).
Though the moving defendants have not been timely in seeking this protective order (CPLR 3122), they have not waived their rights to object to palpably improper discovery demands. (Holy Spirit Assn. for Unification of World Christianity v New York Prop. Ins. Underwriting Assn., 116 AD2d 787.)