OPINION OF THE COURT
William H. Keniry, J.
In a medical malpractice action, is the investigative file of the defendant’s liability insurer compiled both prior to the institution of suit and prior to the formal rejection of the plaintiffs’ claim subject to discovery? For the reasons outlined below, the answer is no.
*962 The plaintiff Theresa M. DiNova sustained a fractured hip on December 24, 1985 when she fell from a toilet while she was a patient in the defendant Sunnyview Hospital and Rehabilitation Center. The accident was allegedly caused by the negligence of the defendant. An incident report was prepared by hospital personnel and a hospital administrator immediately notified the defendant’s liability insurer, Hospital Underwriters Mutual Insurance Co., of the accident. The insurer then initiated an investigation into Mrs. DiNova’s accident.*
Sometime later, the plaintiff Samuel DiNova wrote to the defendant concerning the accident and enclosed copies of medical bills incurred as a result thereof. Thereafter, the defendant offered plaintiffs the sum of $1,500 as reimbursement for their losses. The offer was not accepted. The plaintiffs retained counsel who initially contacted the defendant by letter dated July 15, 1986. Immediately thereafter, a claims examiner from Hospital Underwriters Mutual formally denied the plaintiffs’ claim.
This action was then commenced. By notice of discovery and inspection dated August 27, 1986, the plaintiffs demanded the production of "copies of reports, memoranda, letters and/or notes and other documents regarding the investigation of the incident, wherein plaintiff, Theresa M. DiNova, was injured.” The defendant’s attorneys provided a copy of the hospital’s incident report and refused to supply any material compiled by Hospital Underwriters Mutual.
The plaintiffs now move for an order striking the defendant’s answer, or in the alternative, compelling the defendant to comply with the discovery notice. The defendant opposes the motion contending that it fully complied with the discovery notice. The defendant argues that any investigation completed by the defendant’s insurer is immune from discovery under CPLR 3101 (d) (2) as material prepared for litigation. The plaintiffs contend that the insurance investigative reports were prepared long before the plaintiffs’ claim was rejected and therefore should be viewed as a multimotivated report subject to discovery.
It has been long established that "once an accident has arisen there is little or nothing that the insurer or its employ *963 ces do with respect to an accident report except in contemplation and in preparation for eventual litigation or for a settlement which may avoid the necessity of litigation” (Kandel v Tocher, 22 AD2d 513, 515). Since the purpose of liability insurance is the defense and settlement of claims, the insurer’s file is accorded conditional immunity against discovery (Ainsworth v Union Free School Dist. No. 2, 38 AD2d 770). Such reports are not generally multimotivated (see, Gavigan v Otis Elevator Co., 117 AD2d 941).
Cases in which an insurer’s investigative reports have been held to be multimotivated and thus discoverable generally involve situations where in the plaintiff was the insured and the insurer’s investigation was initially directed to determine whether coverage under the policy would be afforded or disclaimed. Once the insurer made the decision to disclaim and litigation became foreseeable, any subsequent investigation would be privileged as material prepared for litigation (Carden v Allstate Ins. Co., 105 AD2d 1048; Westhampton Adult Home v National Union Fire Ins. Co., 105 AD2d 627). Unlike a fire loss claim, the plaintiffs in this action are not insureds under the liability policy involved. Similarly, Vandenburgh v Columbia Mem. Hosp. (91 AD2d 710) relied upon by the plaintiffs involved reports prepared in the ordinary course of a hospital’s business. Sunnyview’s incident report in this case has been supplied to the plaintiffs.
A review of court exhibit A clearly establishes that the investigation at issue was made by the defendant’s liability insurer in contemplation of litigation. Such investigation was not undertaken by the defendant as part of its ordinary business routine. The fact that the plaintiffs had not made a formal claim or that their claim had not been rejected are of no significance in this situation. The plaintiffs are clearly not entitled to the product of the investigation of defendant’s insurer without establishing a requisite showing of substantial need and undue hardship required by CPLR 3101 (d) (2). No such showing has been tendered.
The plaintiffs’ motion is denied, without costs.

 At the court’s request, the defendant has submitted a copy of the investigation for in camera review. For purposes of the record, the investigation shall be denominated as court exhibit A.