■ CAROLINE BUNTIN, Respondent, v GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Appellant.—In an action to recover the proceeds of a life insurance policy and an accidental death insurance policy, the defendant insurer appeals from an order of the Supreme Court, Westchester County (Donovan,

J.), entered March 24, 1987, which denied its motion for further discovery in the form of an order directing the disinterment of certain cremated remains for forensic examination.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion is granted.

The defendant's application for permission to exhume the cremated remains of the person alleged to be the insured in order to ascertain whether any particles of bone or teeth remain which might be subject to connection with the insured's dental X rays was made approximately 3½ years after an autopsy was performed on the body by the office of the Medical Examiner of Westchester County. The cremated remains, which were identified as those of Floyd B. Ashlock, were buried at Southhampton Cemetery on or about September 1, 1983. Subsequent thereto the defendant became aware of circumstances which caused it to impugn the veracity of the plaintiff's representation that the insured had died on August 29, 1983. It bears noting that although the autopsy report revealed that the decedent's appendix had previously been surgically removed, neither the medical records maintained by the insured's employer nor a medical history contained in a 1983 hospital record of the insured, contains any indication that the insured had ever undergone an appendectomy. Additionally, while a bottle of Scotch was discovered at the scene of death beneath the corpse, one of the insured's daughters and his former co-worker averred that the insured had not been a Scotch drinker. That daughter further averred that neither the individual depicted in the police photographs taken at the scene of the alleged suicide nor the photograph taken of the body upon which the autopsy was performed was that of her father.

Of particular significance is the fact that the plaintiff, who was the alleged fiancée of the deceased and the designated beneficiary under the subject insurance policies, offered to settle her claim against the defendant for $30,000 on condition that a check for that sum payable to her could be drawn up for immediate delivery. Moreover, the plaintiff initially failed to make herself available for an examination before trial on the claim that an extended trip to Europe for the purpose of attending to her ill father was necessary. The plaintiff was eventually deposed on April 2, 1986, pursuant to an order of the Supreme Court, Westchester County (Benson, J.).

In support of its motion for further discovery, the defendant insurer submitted an affirmation from a certified forensic pathologist to the effect that a sufficient number of teeth

customarily survive the cremation process intact to permit an identification based upon dental records of the deceased. In the instant case, the dental X rays of the insured, which were taken in December 1979 and obtained from his dentist in San Francisco, would be satisfactory for the intended purpose. The supporting papers also included an affidavit from an officer of the crematorium establishing that the remains of each individual are separately handled. Written permission to open the grave for the purpose of removing the remains and delivering them to the custody of Dr. Michael Baden or Dr. Lowell Levine, for forensic examination prior to their reinterment, was provided by the daughters of the insured who also constitute his sole distributees.

In view of the proof of the special, unusual and unanticipated circumstances adduced herein, we conclude that the Supreme Court erred in denying the defendant insurer's application for further discovery, notwithstanding the fact that the application was made subsequent to the filing of a note of issue and statement of readiness (cf., Matter of Beaver v General Acc. Fire & Life Ins. Corp., 106 AD2d 856). In accordance with the principle that the broad construction of discovery statutes advances the truth-determining function of trials as well as the speedy disposition of cases (Hoenig v Westphal, 52 NY2d 605, 610; Vandenburgh v Columbia Mem. Hosp., 91 AD2d 710, 711), the motion for an order permitting the disinterment for forensic examination of the cremated remains alleged to be those of the insured is granted. Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.