■ ALDEN MERRICK et al., Respondents, v NIAGARA MOHAWK POWER CORPORATION, Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Doran, J.), entered November 3, 1987 in Albany County, which denied defendant's motion for a protective order.

This action, brought to recover for damage to plaintiffs' dwelling and personal property and for additional living expenses, emanates from an explosion and fire which occurred at plaintiffs' residence on July 17, 1984. It is alleged that a natural gas explosion occurred as a result of a leak in the supply equipment owned and maintained by defendant. On the day of the explosion, G. Robert Schumacher, defendant's employee, went to the scene to obtain information allegedly in defense of an anticipated claim by plaintiffs. The record indicates that defendant retained Alden P. Gaudreau, a consultant engineer with International Technomics Corporation, to examine plaintiffs' residence on the day of the fire and render an opinion regarding the cause and origin of the explosion. Plaintiffs caused to be served a notice to take deposition upon oral examination of Schumacher and Gaudreau and demanded that each produce his respective report for inspection. Defendant moved for a protective order. Supreme Court denied the motion in all respects. This appeal followed.

We affirm. Clearly, each of the documents prepared for defendant by Schumacher and Gaudreau, embodying the writer's observations and findings concerning the explosion, was a "written report of an accident" (CPLR 3101 [g]). Therefore, the demand falls within the ambit of CPLR 3101 (g), which would

require disclosure of the documents if prepared in the ordinary course of defendant's business operations or practices *(see, Vandenburgh v Columbia Mem. Hosp.,* 91 AD2d 710). The fact that both Schumacher and Gaudreau were directed to the scene on the very day of the explosion, coupled with defendant's admission that it was defendant's regular practice to dispatch a claims person immediately after the occurrence of an accident, provides more than an adequate basis for finding that the reports were prepared in the ordinary course of defendant's business. Defendant, with the burden of establishing that the documents are somehow exempt from disclosure *(see, Koump v Smith,* 25 NY2d 287), has offered no evidence to the contrary.

Nor will defendant's conclusory statements in support of the contention that the reports were prepared in expectation of litigation, and hence not discoverable (CPLR 3101 [d]), satisfy its burden of proof on that issue *(see, Viruet v City of New York,* 97 AD2d 435, 436). The reports are the result of investigation conducted on the very day of the incident, at a time when the cause of the explosion was, assumedly, unknown *(see, Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.,* 56 AD2d 134, 135). Inasmuch as mixed-purpose documents are not within the scope of CPLR 3101 (d) (2) *(Vandenburgh v Columbia Mem. Hosp.,* 91 AD2d 710, 711, *supra; see, Crowe v Lederle Labs.,* 125 AD2d 875), Supreme Court properly concluded that the written reports of Schumacher and Gaudreau were subject to discovery.*

Last, defendant's contention that plaintiffs' failure to seek the deposition of Gaudreau, a nonparty witness, by means of subpoena under CPLR 3106 (b) is fatal to their right to depose him was not raised in Supreme Court and is rejected *(see, Planned Indus. Centers v Eric Bldrs.,* 51 AD2d 586, 587; *cf., Frybergh v Kouffman,* 119 AD2d 541). Because of the untimely death of Schumacher, the issue of whether the notice to depose him should have been vacated is academic and shall not be considered.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.

---

* Because we conclude that the reports were not made solely for purposes of litigation, we need not decide whether they would have been discoverable under CPLR 3101 (g) even if otherwise exempted by CPLR 3101 (d) (2) *(see, Miranda v Blair Tool & Mach. Corp.,* 114 AD2d 941, 942; *see also, Ruff v Golub Corp.,* 128 Misc 2d 1047; Siegel, 1986 Supp Practice Commentaries; McKinney's Cons Laws of NY, Book 7B, CPLR C3101:33 [1988 Pocket Part], at 7).