■ RALPH DUBREY et al., as Conservators of TERRENCE DUBREY, as Conservatee, Respondents, v CHAMPLAIN VALLEY PHYSICIANS HOSPITAL MEDICAL CENTER, Appellant, et al., Defendant.—Mikoll, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered August 24, 1989 in Clinton County, which, *inter alia,* granted plaintiff's motion for discovery and inspection.

In the underlying malpractice action against defendant Champlain Valley Physicians Hospital Medical Center (hereinafter CVPH) and defendant Dr. Srinivason, an emergency room physician serving on a contract basis, plaintiffs, as conservators of Terrence Dubrey, seek damages for personal injuries sustained by Dubrey on November 15, 1987 while a patient in the emergency room of CVPH. Plaintiffs contend that Dubrey sustained injuries because of negligent care in failing to diagnose a subdural hematoma which caused Dubrey's quadriplegia.

Plaintiffs served a notice of discovery and inspection on CVPH which, *inter alia,* sought disclosure of a statement prepared for CVPH by Bart Hayes, the emergency department manager at CVPH, and signed by Deborah Gregware, a nurse at CVPH.* Plaintiffs then moved for an order granting their discovery requests. In response, CVPH cross-moved for a protective order. Supreme Court granted plaintiff's motion with respect to Gregware's statement and denied CVPH's cross motion. The court found the statement discoverable pursuant to CPLR 3101 in that it was a document kept by CVPH in the regular course of business and secondly for quality review functions. This appeal by CVPH ensued.

We reverse. In an affidavit in opposition to plaintiffs' motion, Hayes stated that the statement was prepared by him "as part of [his] employment responsibilities at [CVPH] in accordance with the quality review function and employee personnel policies of CVPH and in compliance with [Public Health Law § 2803-e (1) (a)]" and, as such, was privileged from

---

* The other statements are not in issue herein.

disclosure. "[T]he rule prevailing [is] that 'any written accident report, prepared in the regular course of business operations or practices, not for use in a criminal investigation or prosecution, is subject to full disclosure' " *(Vandenburgh v Columbia Mem. Hosp.,* 91 AD2d 710, 711, quoting *Pataki v Kiseda,* 80 AD2d 100, 104, *lv dismissed* 54 NY2d 831). It is the responsibility of those objecting to discovery to demonstrate that the item at issue falls within a recognized exception to the disclosure rule.

In this case, the record discloses that Margaret Kennedy was the risk manager of CVPH. CVPH is self-insured. Kennedy's duties included promptly investigating any incident which could result in malpractice claims. She secured statements from various witnesses after the incident, under the direction of CVPH's counsel, in anticipation of potential litigation. Gregware's statement, taken in late November 1987, was not taken under Kennedy's direction or with her knowledge. As noted, Hayes averred that Gregware's statement was prepared by him and signed by her "as part of [his] employment responsibilities". Also, Gregware was dismissed by CVPH as a result of the events involving Dubrey. In our view, Gregware's statement was mandated by law *(see,* Public Health Law § 2803-e). Public Health Law § 2803-e also specifically grants protection from disclosure of the statement *(see,* Public Health Law § 2803-e [3] [a]). Supreme Court thus improperly denied CVPH's cross motion for a protective order as to Gregware's statement.

Order reversed, on the law, without costs, motion denied and cross motion granted. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.