■ LUZ MONTES et al., Respondents, v LONG ISLAND COLLEGE HOSPITAL, Respondent, and ARMOR ELEVATOR CO., INC., Appellant.—Order insofar as appealed from unanimously reversed on the law without costs and application denied, in accordance with the following Memorandum: Supreme Court erred by ordering defendant Armor Elevator Co. to disclose records of repairs it made to an elevator six months after plaintiff's accident *(see, Klatz v Armor Elevator Co.,* 93 AD2d 633). Contrary to the argument of defendant Long Island College Hospital, the complaint does not allege defective manufacture, to which evidence of subsequent repairs would be relevant *(cf., Gavigan v Otis Elevator Co.,* 117 AD2d 941, 942). Nor is the evidence discoverable, under an exception to the general rule, on the issue of control and maintenance because here, as in *Klatz (supra,* at 637), the responsibilities of the parties are governed by a service contract. Finally, evidence of

subsequent repairs is not discoverable on the issue of prior notice of defective condition. Here, Armor's second cross claim against the Hospital is based upon a contractual requirement that the Hospital give Armor notice of any accident within 24 hours of its occurrence. The Hospital does not need Armor's records of subsequent repairs to determine whether it gave Armor the required notice (cf., Shvets v Landau, 121 Misc 2d 34). (Appeal from Order of Supreme Court, Kings County, Spodek, J.—Discovery.) Present—Doerr, J. P., Boomer, Pine, Lawton and Lowery, JJ.