■ ALFRED STEINEL, Appellant, v 131/93 OWNERS CORPORATION et al., Appellants, and PS MARCATO ELEVATOR CO. INC., Respondent. [658 NYS2d 314] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about May 20, 1996, which, in an action for personal injuries allegedly sustained when plaintiff fell down an elevator shaft in a building owned and managed by defendants-appellants, denied plaintiff's and

defendants-appellants' motions to compel disclosure by defendant-respondent elevator maintenance company of post-accident repairs and/or inspections, and granted the elevator company's cross motion for a protective order denying such disclosure, unanimously affirmed, without costs.

Evidence of any post-accident repairs or inspections by the elevator company is not material and necessary on the issue of maintenance, in view of the maintenance contract between the elevator company and the building (*see, Montes v Long Is. Coll. Hosp.*, 175 AD2d 681), or control, there being no dispute that the building was in control of the elevator at the time of the accident (*see, Cleland v 60-02 Woodside Corp.*, 221 AD2d 307). That the "Lubrication Contract" for this manually operated freight elevator called for less than full-service maintenance does not make it indefinite on the subject of defendants' respective rights and duties concerning maintenance and control. Nor is the requested evidence material and necessary on the issue of the existence of a dangerous condition or notice, the deposition testimony establishing that the elevator company did not install, modify or repair the alleged defective parking device at any time either before or after the accident, and there being no claim of a design defect or defective manufacture (*see, Yoon v Woolworth Co.*, 202 AD2d 575; *Montes v Long Is. Coll. Hosp., supra*). Concur—Sullivan, J. P., Rosenberger, Ellerin, Williams and Colabella, JJ.