■ WILTON CASIANO, Appellant, v START ELEVATOR, INC., Respondent, et al., Defendant. (And a Third-Party Action.) [3 NYS3d 601]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered July 24, 2013, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to compel defendant Start Elevator, Inc. to comply with discovery requests, and granted Start a protective order with respect to the requested discovery, unanimously affirmed, without costs.

Plaintiff alleges that, in the course of his employment by third-party defendant, he injured his hand in a freight elevator maintained by defendant Start, because the elevator was not equipped with strap handles. Plaintiff seeks documents concerning the post-accident installation of strap handles in the elevator.

As Start was retained by plaintiff's employer, the lessor of the premises, pursuant to a maintenance contract denominated a "Lubrication Agreement," there are no issues as to control or maintenance of the elevator with respect to which evidence of post-accident repairs to the elevator would be material and necessary (*see Steinel v 131/93 Owners Corp.*, 240 AD2d 301 [1st Dept 1997]). Nor is there an issue as to the condition of the elevator and its lack of straps at the time of the accident, and no claim of design defect is asserted (*see id.*). Concur—Tom, J.P., Renwick, DeGrasse, Manzanet-Daniels and Clark, JJ.