MARGARET PERKINS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendant. [41 NYS3d 896]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered on or about March 14, 2016, which, to the

extent appealed from as limited by the briefs, granted plaintiff's motion to compel production of postaccident repair and maintenance records for a three-month period, unanimously affirmed, without costs.

The motion court did not improvidently exercise its discretion in directing defendants to produce postaccident repairs for the limited purpose sought, to ascertain whether the wheelchair ramp on the bus to be inspected is the same one that was involved in plaintiff's accident (*see Francklin v New York El. Co., Inc.*, 38 AD3d 329 [1st Dept 2007]; *Kaplan v Einy*, 209 AD2d 248, 252 [1st Dept 1994]; *cf. Steinel v 131/93 Owners Corp.*, 240 AD2d 301, 302 [1st Dept 1997]). If defendants are so inclined, as an alternative to the directed production, they may submit an affidavit confirming that the wheelchair ramp on the subject bus is the same one that was on the bus at the time of the accident, except for wear and tear. Concur—Acosta, J.P., Andrias, Moskowitz, Gische and Webber, JJ.