| **Bortugno v New York State Urban Dev. Corp.** |
| --- |
| 2024 NY Slip Op 33641(U) |
| October 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150623/2013 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. HASA A. KINGO** | **PART** | **05M** |
| | *Justice* | | |

-------------------------------------------------------------------------------X

NICHOLAS BORTUGNO,

Plaintiff,

- v -

NEW YORK STATE URBAN DEVELOPMENT CORP.,
D/B/A EMPIRE STATE DEVELOPMENT CORP.,
MOYNIHAN STATION DEVELOPMENT CORP., NOUVEAU
ELEVATOR INDUSTRIES, INC.,SCHINDLER ELEVATOR
CORPATION, MIDLAND ELEVATOR CO INC,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 150623/2013 |
| **MOTION DATE** | 08/28/2024 |
| **MOTION SEQ. NO.** | 015 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 015) 481, 482, 484, 485, 486, 490

were read on this motion                                                    IN LIMINE                                                    .

Plaintiffs Nicholas and Josephine Bortugno (collectively, "Plaintiffs") move this court for an order *in limine* to preclude Defendants Schindler Elevator Corporation and Midland Elevator Co., Inc. ("Defendants") from introducing certain categories of evidence at the retrial of this matter. Plaintiffs seek to exclude (1) any testimony or argument regarding Nicholas Bortugno's legal status upon the premises at the time of the accident; (2) the testimony of Defendants' elevator expert Jon B. Halpern regarding his inspection of the elevator three years post-accident; (3) the introduction of a video of the elevator's operation recorded five years after the accident; (4) testimony from Defendants' experts Jon Halpern and Robert Cargill to the extent based on the post-accident video footage; and (5) any testimony concerning the post-accident condition, operation, maintenance, or repair of the subject elevator. The court has reviewed the affirmation in support, Defendants' opposition, Plaintiffs' reply papers, and the arguments set for at oral argument on October 15, 2024, and hereby renders the following decision.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from an incident that occurred on January 19, 2012, in which Plaintiff Nicholas Bortugno ("Bortugno"), a cable technician employed by Satellites Unlimited, was struck on the head by a descending elevator gate at the James A. Farley Building in Manhattan. At the time of the accident, Bortugno and his co-worker, David Rosenberg, were attempting to locate a

---

[1] The court has considered Defendants' application to exclude Plaintiffs' reply papers and denies the application. It is the strong preference of this court to consider all papers submitted in connection with the motion. Accordingly, in the interest of deciding the instant motion on its merits, all papers submitted have been considered by the court.

USPS contact to perform a satellite installation. The Plaintiff alleges that the elevator gate closed without the requisite visual or audible warnings, causing his injury. The matter was previously tried in March 2023, resulting in a mistrial due to the jury's inability to reach a verdict.

## ARGUMENTS

In support of their motion *in limine*, Plaintiffs seek to preclude Defendants from introducing evidence that they argue is irrelevant, speculative, and prejudicial. First, Plaintiffs contend that any evidence regarding Bortugno's legal status on the premises at the time of the accident—specifically whether he had "permission" to be there—is wholly immaterial to the Defendants' liability. Relying on the seminal case of *Basso v. Miller*, 40 NY2d 233 (1976), Plaintiffs emphasize that New York courts have adopted a uniform standard of reasonable care owed to all persons on premises, irrespective of their status as invitees, licensees, or trespassers. In their view, Defendants' repeated references to Bortugno's alleged lack of "permission" serve only to confuse the jury and improperly suggest that Bortugno's status somehow diminishes Defendants' duty of care. Plaintiffs argue that this tactic is not only legally impermissible but also highly prejudicial, particularly because Defendants have no evidence suggesting that Bortugno was engaged in reckless or unauthorized conduct at the time of the incident.

Additionally, Plaintiffs seek to preclude testimony from Defendants' elevator expert Jon Halpern, which is based on his 2015 inspection of the elevator conducted three years post-accident. According to Plaintiffs, any opinions derived from this inspection are inherently speculative and unreliable because the condition of the elevator at that time cannot be shown to be substantially similar to its state on the date of the incident. Plaintiffs argue that New York law requires expert testimony to be based on conditions that are sufficiently comparable to those at the time of the accident; otherwise, the testimony is inadmissible as a matter of law. Citing *Machado v. Clinton Housing Dev. Co., Inc.*, 20 AD3d 307 (1st Dept 2005) and *Murphy v. New York City Transit Auth.*, 73 AD3d 1143 (2d Dept 2010), Plaintiffs emphasize that expert opinions predicated on altered or changed conditions are inadmissible because they lack the necessary foundation to assist the trier of fact. As Halpern's inspection occurred after the elevator was reset numerous times, and following significant post-accident maintenance, Plaintiffs assert that his testimony regarding the elevator's timing, speed, and operational forces cannot be admitted to establish how the elevator functioned at the time of the accident.

Plaintiffs also seek to exclude video footage of the elevator's operation recorded by Defendants' biomechanical expert Robert Cargill in 2017, arguing that the footage is misleading and irrelevant. By the time the video was created, the elevator had been reset multiple times and, according to Plaintiff's experts, the building was undergoing substantial reconstruction. Thus, Plaintiffs contend that the video is not representative of the elevator's condition at the time of the accident and is likely to confuse the jury. They argue that any testimony based on this footage, including Cargill's expert opinions, would be speculative and misleading because it would suggest that the conditions depicted in the video are the same as those in 2012, which cannot be shown. Accordingly, Plaintiffs argue that both the video and Cargill's testimony should be excluded under *Espinosa v. A & S Welding & Boiler Repair, Inc.*, 120 AD2d 435 (1st Dept 1986), which held that expert testimony based on significantly changed conditions is inadmissible.

150623/2013   BORTUGNO, NICHOLAS vs. NEW YORK STATE URBAN
Motion No.  015

Page 2 of 6

[* 2]

With respect to post-accident maintenance and repairs, Plaintiffs seek to preclude any evidence of post-accident repairs—or the absence thereof—on the grounds that such evidence is inadmissible to prove negligence. Citing *Steinel v. 131/93 Owners Corp.*, 240 AD2d 301 (1st Dept 1997), Plaintiffs argue that the absence of post-accident repairs should not be used to suggest that the elevator was operating properly at the time of the incident, as this would create a misleading "negative inference" that prejudices Plaintiffs. They further contend that allowing such evidence would contradict the well-established rule that post-accident remedial measures cannot be introduced to prove negligence, as the jury might improperly infer that the lack of repairs indicates an absence of negligence.

In response, Defendants argue that the evidence Plaintiffs seek to exclude is highly probative of the issues in the case and should not be precluded. While Defendants acknowledge that the legal status of the Plaintiff is not dispositive, they argue that Plaintiff's actions leading up to the accident—including his failure to follow proper procedures—are relevant to the issue of comparative fault. Defendants assert that Plaintiff bypassed security and improperly used the freight elevator as a passageway, actions that they argue directly contributed to the accident. Thus, Defendants contend that the jury should hear evidence about Plaintiff's movements and conduct, as it is probative of why the accident occurred and whether Plaintiff bears some responsibility.

Regarding Halpern's testimony, Defendants argue that his inspection was not intended to replicate the precise conditions at the time of the accident but rather to provide insight into the general design, components, and operation of the elevator. Excluding Halpern's testimony, Defendants contend, would deprive the jury of critical information necessary to evaluate their defense. They maintain that Halpern's testimony is admissible to show how the elevator was designed to operate, even if it cannot definitively prove its precise operation on the date of the accident. With respect to the 2017 video footage, Defendants assert that the video was properly admitted in the first trial and is relevant to demonstrate the functioning of the elevator's gate, alarm, and light mechanisms—components central to the dispute. They argue that minor changes in the elevator's components between 2012 and 2017 do not warrant exclusion of the video, citing *Bellinzoni v. Seland*, 128 AD2d 580 (2d Dept 1987), where the court found that minor changes did not render post-accident evidence inadmissible.

Finally, Defendants argue that the absence of post-accident repairs is relevant to show that the elevator's warning systems were functioning properly at the time of the incident. They contend that this evidence is crucial to rebutting Plaintiff's claim that the lack of warnings caused the accident. Defendants point out that Plaintiff's own expert admitted that "elevators don't fix themselves," suggesting that if the elevator's warnings were functioning properly after the accident, they must have been operating correctly at the time of the incident. Excluding such evidence, Defendants argue, would unfairly limit their ability to present a full and fair defense.

In sum, Defendants assert that the evidence at issue is highly probative and should not be excluded, urging the court to deny Plaintiffs' motion in its entirety.

## DISCUSSION

A motion *in limine* seeks a preliminary order to exclude anticipated evidence that is claimed to be inadmissible, immaterial, or prejudicial (*see State v. Metz*, 241 AD2d 192, 198 [1st Dept 1998]). The purpose of such a motion is to streamline the trial by eliminating irrelevant or inflammatory evidence that might prejudice the jury or waste the court's time. This court is mindful of the strong preference under New York law for adjudicating matters on their merits, and thus, such motions should be granted only when the probative value of the evidence is substantially outweighed by the danger of unfair prejudice or confusion of the issues (*see People v. Primo*, 96 NY2d 351, 356 [2001]).

## I.       Plaintiff's Legal Status Upon the Premises

Plaintiffs argue that evidence regarding Bortugno's legal status on the premises—specifically, whether he had "permission" to be there—is wholly irrelevant to Defendants' liability. Plaintiffs rely on *Basso v. Miller*, 40 NY2d 233 (1976), which established a uniform standard of reasonable care owed to all persons lawfully or unlawfully on a premises. Under *Basso*, foreseeability is the measure of liability, and the legal distinction between trespassers, invitees, or licensees is no longer determinative. Defendants contend, however, that Plaintiff's "lack of permission" is relevant to comparative fault and provides context for his actions leading up to the accident.

The court agrees with Plaintiffs. Whether Plaintiff had formal permission to be on the premises is immaterial to Defendants' duty to ensure the safe operation of an active elevator. New York courts have consistently held that property owners and those in control of premises owe a duty of reasonable care regardless of the precise status of the injured party (*see Chanice v. Federal Express Corp.*, 118 AD3d 634 [1st Dept 2014]). Accordingly, Defendants' attempt to introduce this evidence serves only to confuse the jury by implying that Plaintiff's status somehow mitigates Defendants' duty of care, which it does not. Thus, the motion to exclude evidence concerning Bortugno's legal status on the premises is granted.

## II.       Testimony of Defendants' Elevator Expert, Jon Halpern

Plaintiffs move to preclude Halpern's testimony regarding his inspection of the elevator three years post-accident, arguing that the conditions of the elevator were not sufficiently similar to those at the time of the incident. Halpern's inspection, conducted in 2015, and Defendants' biomechanical expert, Robert Cargill's, inspection, conducted in 2017, occurred after the elevator was reset numerous times, as admitted by Defendants' own witness, Jerry Mikolaczyk. Plaintiffs contend that any conclusions based on these inspections are speculative, as the elevator's operation would have been affected by the passage of time, wear and tear, and multiple resets.

Defendants counter that Halpern's inspection was not intended to replicate the precise conditions at the time of the accident, but rather to understand the elevator's design, components, and general operation. While this argument has some merit, New York law is clear that expert testimony predicated upon inspections must be grounded in a showing that the conditions at the time of the inspection were substantially similar to those at the time of the accident (*see Machado v. Clinton Housing Dev. Co., Inc.*, 20 AD3d 307 [1st Dept. 2005]). Here, Plaintiffs have demonstrated through Mikolaczyk's testimony that the conditions were materially different,

[* 4]

rendering Halpern's observations of the elevator's timing, speed, and forces inadmissible for the purposes of proving the elevator's state at the time of the accident.

Accordingly, Halpern's testimony is limited to describing the general design and operation of the elevator, and he is precluded from opining on any aspects of its operation observed during his post-accident inspection. The motion is therefore granted in part.

### III.    Admission of the 2017 Video Footage and Related Testimony

Plaintiffs seek to exclude a video recorded by Defendants' biomechanical expert Robert Cargill in 2017, arguing that the video is misleading and irrelevant given that the elevator was taken out of service and required a restart to function. Defendants maintain that the video is probative of the elevator's operational capabilities and demonstrates the functioning of the alarm and light mechanisms, which are central to this case.

The court finds that the probative value of the video is outweighed by its potential to mislead the jury. The significant passage of time, combined with the elevator's multiple resets and the subsequent reconstruction of the building, creates a strong likelihood that the conditions depicted in the video are not reflective of those at the time of the accident. As such, Cargill's testimony to the extent it relies on the 2017 video is speculative and inadmissible (*see Espinosa v. A & S Welding & Boiler Repair, Inc.*, 120 AD2d 435 [1st Dept 1986]).

Thus, the motion to exclude the video and any related testimony is granted.

### IV.    Testimony Regarding Post-Accident Repairs and Maintenance

Plaintiffs argue that evidence of post-accident repairs, maintenance, or the lack thereof is inadmissible under the well-established principle that post-accident remedial measures are not admissible to prove negligence (*see Steinel v. 131/93 Owners Corp.*, 240 AD2d 301 [1st Dept 1997]). Defendants argue that no repairs to the warning systems were made and that this fact supports their position that the alarms were functioning properly at the time of the accident.

The court agrees with Plaintiffs that Defendants may not introduce evidence of the absence of repairs as a "negative inference" of proper operation. Such evidence is inadmissible because it could unfairly prejudice the jury and suggest that the absence of repairs is proof that the elevator was functioning properly, which is not a permissible inference under New York law. Therefore, the motion to exclude post-accident repair and maintenance evidence is granted.

For the foregoing reasons, Plaintiffs' motion *in limine* is granted and denied in part, as set forth herein. The evidence and testimony excluded by this decision shall not be presented at trial.

Accordingly, it is hereby

ORDERED that Plaintiffs' motion to exclude evidence concerning Bortugno's legal status on the premises is granted; and it is further

150623/2013   BORTUGNO, NICHOLAS vs. NEW YORK STATE URBAN                          Page 5 of 6
Motion No.  015

[* 5]                                                  5 of 6

ORDERED that Plaintiff's motion regarding the testimony of Defendants' Elevator Expert, Jon Halpern, is granted to the extent that Jon Halpern's testimony shall be limited to describing the general design and operation of the elevator. Jon Halpern is otherwise precluded from opining on any aspects of the elevator's operation observed during his post-accident inspection; and it is further

ORDERED that Plaintiffs' motion to exclude the 2017 video and any related testimony is granted; and it is further

ORDERED that Plaintiffs' motion to exclude post-accident repair and maintenance evidence is granted.

This constitutes the decision and order of the court.

20241015133228HKINGOC4C07331A5AA487FA4855963A034123B

__10/15/2024__
__DATE__

_____
__HASA A. KINGO, J.S.C.__

CHECK ONE:

| | | | | |
|---|---|---|---|---|
| ☐ CASE DISPOSED | | | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED | ☐ DENIED | | ☒ GRANTED IN PART | ☐ OTHER |

APPLICATION:      ☐ SETTLE ORDER      ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:      ☐ INCLUDES TRANSFER/REASSIGN      ☐ FIDUCIARY APPOINTMENT      ☐ REFERENCE

150623/2013   BORTUGNO, NICHOLAS vs. NEW YORK STATE URBAN
Motion No. 015

Page 6 of 6

6 of 6