■ CAROLYN VERNET et al., Respondents, v STEWART E. GILBERT et al., Appellants. — In a medical malpractice action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Nassau County (Murphy, J.), dated March 8, 1982, which denied their motion to vacate plaintiffs' notice for discovery and inspection of accident reports made to their medical malpractice insurance carrier and/or their representatives with respect to plaintiffs' claim. Order reversed, with $50 costs and disbursements, and motion granted. Any written "accident and/or incident reports" which may have been made by the defendants "to their malpractice insurance carrier and/or their representatives with respect to the [underlying] claim," constitute, at the minimum, materials prepared for litigation and are conditionally exempt from disclosure under CPLR 3101 (subd [d]) (*Kandel v Tocher*, 22 AD2d 513; *Finegold v Lewis*, 22 AD2d 447). *Pataki v Kiseda* 80 AD2d 100, mot for lv to app dsmd 54 NY2d 831) and *Chaplin v Pathmark Supermarkets* (107 Misc 2d 541) are not to the contrary, as both concerned the discoverability of "any

written report of an accident prepared in the regular course of *business* operations or practices of any person, firm, corporation, association or other public or private entity", under CPLR 3101 (subd [g]; emphasis added). There is a sharp distinction to be recognized between accident reports which result from the regular internal operations of any enterprise, authority or business, and those which are made or produced in connection with the report of an accident to a liability insurer. There is no indication that the Legislature, in enacting CPLR 3101 (subd [g]) intended to obviate the long-standing decisional rule applicable in the latter instance. Titone, J. P., Weinstein, Gulotta and Niehoff, JJ., concur.