■ ALEXIS SCHNEIDER, an Infant, by Her Father and Natural Guardian, STANLEY SCHNEIDER, et al., Respondents, v JEFFREY SCHNEIDER, Appellant. — In an action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated April 19, 1982, which denied his motion for a protective order regarding plaintiffs' notice of discovery and inspection of an accident report made by defendant to his insurance carrier. Order reversed, with $50 costs and disbursements, and defendant's motion is granted with respect to any accident report made by defendant to his insurance carrier. Any written reports which may have been made by the defendant to his liability carrier and/or its representatives with respect to the underlying claim, constitute, at the minimum, materials prepared for litigation and are conditionally exempt from disclosure under CPLR 3101 (subd [d]) (*Kandel v Tocher,* 22 AD2d 513; *Finegold v Lewis,* 22 AD2d 447; *Vernet v Gilbert,* 90 AD2d 846; *Weiser v Krakowski,* 90 AD2d 847). *Pataki v Kiseda* (80 AD2d 100, mot for lv to app dsmd 54 NY2d 831) and *Chaplin v Pathmark Supermarkets* (107 Misc 2d 541) are not to the contrary, as both concerned the discoverability of "any written report of an accident prepared in the regular course of *business* operations or practices of any person, firm, corporation, association or other public or private entity", under CPLR 3101 (subd [g]; emphasis added). There is a sharp distinction to be recognized between accident reports which result from the regular internal operations of any enterprise, authority or business, and those which are made or produced in connection with the report of an accident to a liability insurer. There is no indication that the Legislature, in enacting CPLR 3101 (subd [g]), intended to obviate the long-standing decisional rule applicable in the latter instance. Lazer, J. P., Mangano, Gulotta and Bracken, JJ., concur.