■ JERZY FEDORCYZK, Respondent, v NEW YORK UNIVERSITY, Appellant, et al., Defendants. — In a negligence action to recover damages for personal injuries, defendant New York University appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), entered November 30, 1982, which, *inter alia,* granted the plaintiff's motion to compel discovery and thereupon directed it to provide the plaintiff with a copy of an engineering report regarding the elevator in which he had been injured, which report was prepared for the university by an outside engineering consultant. Order reversed, with costs, and motion denied. Where, as here, an expert's report prepared for purposes of litigation is devoid of any factual material which cannot be duplicated, that report is immune from disclosure pursuant to CPLR 3101 (subd [d]) (see *Martinez v CPC Int.,* 88 AD2d 656). The case of *Pataki v Kiseda* (80 AD2d 100, mot for lv to app dsmd 54 NY2d 831) is not to the contrary, as that case does not concern the discoverability of experts' reports prepared for the purposes of litigation, but rather the discoverability of accident reports "prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity" under CPLR 301 (subd [g]) (see *Schneider v Schneider,* 94 AD2d 700; *Vernet v Gilbert,* 90 AD2d 846). Gulotta, J. P., O'Connor, Weinstein and Rubin, JJ., concur.