■ CARRIE MATOS et al., Respondents, v AKRAM & JAMAL MEAT CORP., Appellant. — In an action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Kings County (Composto, J.), dated May 19, 1982, which granted that branch of plaintiffs' motion which sought an order directing defendant to produce for discovery and inspection pursuant to CPLR 3101 (subd [g]) a handwritten statement, dated July 29, 1977, by its employee, Jamal Dugmac. Order affirmed, with costs. Not all written statements about an accident by an employee of a corporate defendant are discoverable pursuant to CPLR 3101 (subd [g]). To be discoverable the accident report must have been "prepared in the regular course of business operations or practices of [the] * * * corporation" (CPLR 3101, subd [g]). Therefore, written reports of accidents prepared by an employee as part of the regular course of business operations or practices of the corporate tortfeasor and assembled for transmittal to its attorney, even where the sole motive behind the business operations or practices is litigation, are discoverable (see *Pataki v Kiseda*, 80 AD2d 100, mot for lv to app dsmd 54 NY2d 831). A distinction exists between said reports and written statements of accidents prepared exclusively for litigation, but not in the regular course of the tortfeasor's business operations or practices. Such reports are conditionally exempt from disclosure under CPLR 3101 (subd [d]). Examples of the latter are accident reports made by a defendant to his liability insurance carrier or his attorney with respect to the plaintiffs' claim (see *Vernet v Gilbert*, 90 AD2d

846; *Weiser v Krakowski,* 90 AD2d 847; *Schneider v Schneider,* 94 AD2d 700) or an accident report, transcribed from an oral account of the tort-feasor's employee, by an independent investigator, retained by the self-insured tort-feasor to assist in the resolution of the plaintiff's claim (see *Williams v Metropolitan Transp. Auth.,* 99 AD2d 530). The burden of proving that a written statement of an accident is not discoverable is upon the party seeking to preclude discovery (see *Koump v Smith,* 25 NY2d 287; *Zimmerman v Nassau Hosp.,* 76 AD2d 921). Consequently, defendant had the burden of proving that the written statement about the accident by its employee was prepared exclusively for litigation and was not made within the ordinary course of its business operations or practices. The mere conclusory allegation of defendant's counsel that the statement at issue was given to defendant's attorneys solely for purposes of litigation and was not made in the regular course of defendant's business operations or practices does not suffice to meet defendant's burden of proving the statement is not discoverable. Bracken, J. P., Brown, Rubin and Boyers, JJ., concur.