■ JENNIFER A. WILLIAMS, an Infant, et al., Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants, et al., Defendants. — In an action to recover damages for personal injuries, etc., defendants Metropolitan Transportation Authority and Metropolitan Suburban Bus Authority appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated May 4, 1982, as, upon reargument, adhered to its prior determination, dated January 21, 1982, which denied their motion for a protective order against plaintiffs. Order reversed, insofar as appealed from, with costs, order dated January 21, 1982 vacated, and appellants' motion for a protective order against plaintiffs granted. The infant

plaintiff in this action was allegedly injured when she was struck by a car after disembarking from a bus owned and operated by defendants Metropolitan Transportation Authority (MTA) and Metropolitan Suburban Bus Authority (MSBA). The driver of the bus, an employee of MSBA, prepared and filed an accident report in the regular course of MSBA business. In addition, MSBA, a self-insurer, retained an independent investigator to assist in the investigation and resolution of plaintiffs' claim. The investigator prepared a four-page written statement concerning the incident. This statement was based upon the bus driver's oral account of the events in question and was signed by the driver. Plaintiffs served MSBA with a notice for discovery and inspection of both documents. MSBA complied with respect to the accident report, but moved for a protective order with respect to the driver's statement prepared by the investigator. Special Term denied the motion and, upon reargument, adhered to that determination, holding that disclosure was required by our decision in *Pataki v Kiseda* (80 AD2d 100, mot for lv to app dsmd 54 NY2d 831). In *Pataki v Kiseda* (*supra,* p 103), this court construed the then newly enacted CPLR 3101 (subd [g]) (L 1980, ch 283) to require disclosure of all accident reports prepared in the regular course of business, whether or not prepared exclusively in preparation for litigation. There is, however, a sharp distinction between accident reports which result from the regular internal operations of any enterprise, authority or business, and those which are made or produced in connection with the report of an accident to a liability insurer. The latter constitute, at the minimum, materials prepared for litigation which are conditionally exempt from disclosure under CPLR 3101 (subd [d]) (*Schneider v Schneider,* 94 AD2d 700; *Weiser v Krakowski,* 90 AD2d 847; *Vernet v Gilbert,* 90 AD2d 846). The statement in the case at bar was prepared by an independent investigator retained by the self-insured tort-feasor to assist in the resolution of this claim. As such, it is analogous to an accident report made by or for an alleged tort-feasor's liability insurance carrier. Unlike the accident report which was made and filed by the driver in the course of the regular internal operations of MSBA, the driver's signed written statement was not prepared in the regular course of MSBA business. Therefore, the statement does not fall within the scope of CPLR 3101 (subd [g]) (see *Pataki v Kiseda, supra*). Rather, the statement constitutes material prepared for litigation which is conditionally exempt from disclosure under CPLR 3101 (subd [d]) (*Schneider v Schneider, supra; Hill v Misericordia Hosp. Med. Center,* 91 AD2d 915; *Weiser v Krakowski, supra; Vernet v Gilbert, supra;* cf. *Matos v Akram & Jamal Meat Corp.,* 99 AD2d 527). Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.