OPINION OF THE COURT
Fred T. Santucci, J.
In this action to recover for personal injuries occurring on the defendants’ property, the plaintiff moves to compel disclosure and the defendants move for a protective order.
On the evening of September 24, 1981, the plaintiff was proceeding from her automobile in the defendants’ parking lot to the defendants’ hotel when she was criminally assaulted and robbed.
On May 30,1984, the deposition of the defendants appearing by one Martin Marsh was taken by the plaintiff. Upon the said deposition the witness refused to answer certain questions regarding prior criminal activities occurring in the area where the plaintiff claims she was assaulted.
The refused questions dealt with the following: (1) Prior criminal activities such as breaking into vehicles on the defendants’ parking lot; (2) prior assaults on persons on the hotel premises; and (3) contact with the New York City Police Department with regard to assaults on the parking lot or on the grounds of the hotel.
*487 The defendants move to quash the plaintiff’s subpoena to take the deposition of the claims manager of American International Adjustment Co. and to direct him to produce all records or reports regarding the incident which is the subject of this lawsuit; records with regard to claims due to criminal activities within a two-year period prior to the incident in question; and records regarding security recommendations made to the defendants by any police agencies.
Whether the questions and records at issue are discoverable is dependent upon what the plaintiff must prove at trial.
“A possessor of land who holds it open to the public * * * is subject to liability to members of the public while they are upon the land * * * for physical harm caused by the [intentional] acts of third [parties] and by the failure of the possessor to exercise reasonable care to
“(a) discover that such acts are being done or are likely to be done, or
“(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.” (Restatement [Second] of Torts §§ 344, 359, 360.)
The owner of land has a duty to make reasonable provisions against the foreseeable danger resulting from intentional or criminal conduct. A breach of that duty would be negligence (see, Lillie v Thompson, 332 US 459).
It is the general rule that liability on the part of a landowner will lie when a criminal act of the type which occurred was foreseeable and when the defendant’s actions or omissions were, in light of that foreseeability, both unreasonable and a proximate cause of the plaintiff’s injuries (see, Loeser v Hale Gardens, 73 AD2d 187). Landowners owe a standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability (Basso v Miller, 40 NY2d 233).
The plaintiff has the burden of proving that a violent assault upon the defendants’ premises was reasonably foreseeable and that the defendants’ conduct was unreasonable in proportion to that danger (see, Palsgraf v Long Is. R.R. Co., 248 NY 339; Sherman v Concourse Realty Corp., 47 AD2d 134; Kenny v Southeastern Pa. Transp. Auth., 581 F2d 351).
Clearly, it appears to this court that evidence of prior criminal activity such as robberies and assaults which occurred at or upon the defendants’ premises; the defendants’ knowledge of such occurrences; what security recommendations were made; and measures taken to counter or contain such activity would be *488 necessary, needful, relevant and material to the prosecution of the plaintiff’s action (see, Allen v Crowell-Collier Pub. Co., 21 NY2d 403).
The plaintiff is entitled to obtain from the defendants disclosure of information regarding similar incidents or claims of negligence, regardless of whether the accidents or claims occurred or arose prior, or subsequent, to the incident in which the plaintiff was injured. (See, Carnibucci v Marlin Firearms Co., 51 AD2d 1067; Abrams v Vaughan & Bushnell Mfg. Co., 37 AD2d 833.)
There is a clear distinction between crimes or offenses relating to property and crimes or offenses relating to the person (cf. LaFave & Scott, Criminal Law, at 528, 618; Perkins, Criminal Law, ohs 2, 4). However, robbery, being usually an act of taking of property from the person by means of force or intimidation, is “both an offense against the person and an offense against property * * * its chief significance is that of an offense against the person.” (Perkins, Criminal Law, ch 2, § 8 [C], at 148; emphasis supplied.)
It is the opinion of the court that the above distinction may be relevant, perhaps crucial, to the admissibility of evidence of prior criminal activity at the trial stage of an, action similar to the one at bar. The criteria for purposes of discovery has been set forth by the Court of Appeals in Allen v Crowell-Collier Pub. Co. (supra). Such criteria does not include admissibility (see, Baxter v Orans, 63 AD2d 875; Turner v Town of Amherst, 62 Misc 2d 257). This court holds, in accordance therewith, that the criminal activity upon which the plaintiff seeks to compel answers and documentation is discoverable with the exception hereinafter set forth.
The defendants are directed to appear for continued examination before trial by the witness Martin Marsh within 30 days of service upon them of an order to be made hereon, with notice of entry, at a time and place to be mutually agreed upon by the attorneys for the respective parties. At the said examination the witness Martin Marsh shall answer all questions relating to crime occurring upon the defendants’ premises for a period up to two years before September 24, 1981, and subsequent thereto.
The defendants’ motion to prohibit the examination of the claims manager of American International Adjustment Co. is granted only to the extent that said examination shall exclude all questions and documents relating to the incident involving the plaintiff on or about September 24, 1981. There is a sharp distinction between accident reports which result from the regular internal operations of any enterprise, authority or business *489 and those which are made or produced in connection with the report of an accident to a liability insurer. The latter constitute, at a minimum, material prepared for litigation which is conditionally exempt from disclosure under CPLR 3101 (d) (Williams v Metropolitan Transp. Auth., 99 AD2d 530; Schneider v Schneider, 94 AD2d 700; Weiser v Krakowski, 90 AD2d 847; Vernet v Gilbert, 90 AD2d 846).
The reports requested cannot be construed as being any other than reports made by the alleged tort-feasor in this matter to its liability insurer and are thus, upon the above authority, exempt from discovery.
The motions are granted to the extent aforementioned and in all other respects denied.