■ Neal Faraone et al., Appellants, v Carrollwood Associates et al., Respondents.—In an action to recover damages for injury to property based on negligence, breach of contract and breach of warranty, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Weiner, J.), entered April 15, 1985, as, upon the plaintiffs' motion to compel discovery and the defendants' cross motion for a protective order, denied their motion and granted the defendants' cross motion to the extent of striking

items 3 to 6 of the plaintiffs' notice of discovery and inspection.

Order modified, on the law and facts, by reversing so much thereof as denied the plaintiffs' motion and granted the defendants' cross motion insofar as it struck item 4 of the plaintiffs' notice of discovery and inspection, and granting the plaintiffs' motion and denying the defendants' cross motion with respect to that item. As so modified, order affirmed, insofar as appealed from.

The plaintiffs are awarded one bill of costs.

The defendants shall produce the items requested in item 4 of the plaintiffs' notice of discovery and inspection at a time and place to be stipulated by the parties. If within 20 days of service upon the defendants of a copy of the order to be entered hereon, with notice of entry, the parties have not so stipulated, the plaintiffs may fix the time and place for production by written notice of not less than 15 days.

The plaintiffs purchased a condominium unit located at Carrollwood Condominium I from the defendant Carrollwood Associates. The complaint alleges that as a result of water leakage into the basement of their structure and sewerage backups into the basement, they suffered property damage. Their complaint alleges three causes of action against the defendants based on negligence, breach of contract and breach of warranty. Each cause of action seeks $75,000 in damages. The date of loss was May 4, 1984. By May 24, 1984, they had retained attorneys to represent them on their claim, but by letter dated August 14, 1984 to the plaintiffs' attorneys, the insurance adjusters for the insurance carrier for Carrollwood Condominium I rejected the plaintiffs' claim. On or about November 13, 1984, the plaintiffs instituted this suit and issue was thereafter joined by service of the defendants' answer.

The complaint included the following allegation: "10. That the defendant, CARROLLWOOD ASSOCIATES, contracted with a third party for the purpose of having said third party build, erect and/or construct the Carrollwood Condominium I."

The defendants' answer responded to that allegation as follows: "(5) Defendants deny each and every allegation contained in paragraph numbered '10' of the complaint except admit that Defendant, CARROLLWOOD ASSOCIATES contracted with a number of third parties and leaves said contracts for the Court's interpretation."

By notice of discovery and inspection dated January 16, 1985, the plaintiffs sought the production, *inter alia,* of:

"3. Reports prepared as a result of water or sewerage leakage into plaintiffs['] unit whether prepared by any defendant or an insurance company acting on their behalf.

"4. The contracts referred to in paragraph '5' of defendants' Answer.

"5. The entire claim file, Lumberman's Mutual Ins. Co. file # 176-63208, which claim was made by plaintiffs for water damage.

"6. Any document, report, memorandum or other, generated as a result of the investigation described in the correspondence annexed hereto as Exhibit 'A'."

When the defendants did not timely respond to these demands, the plaintiffs moved for an order compelling discovery and the defendants cross-moved for a protective order vacating items 3, 4, 5 and 6 of the notice of discovery and inspection. Special Term denied the motion and granted that cross motion.

Special Term was correct in holding as to items 3, 5 and 6 that "[s]ince these documents were prepared in contemplation of litigation, they are privileged and exempt from disclosure under CPLR 3101 (d)" (see, Matos v Akram & Jamal Meat Corp., 99 AD2d 527; Vernet v Gilbert, 90 AD2d 846). Therefore, those three items were palpably improper and it was not necessary for the defendants to move for a protective order within 10 days as required by CPLR 3122.

However, with respect to item 4, the claim that it was too broad and lacks specificity was waived by the defendants' failure to move for a protective order pursuant to CPLR 3122. The fact that the defendants may have to produce a number of contracts for discovery as a result of the demand does not render the demand palpably improper. Lazer, J. P., Mangano and Brown, JJ., concur.

Weinstein, J., concurs in part and dissents in part, and votes to affirm the order appealed from in its entirety, with the following memorandum:

I concur with the majority's conclusion that items 3, 5 and 6 of the plaintiffs' notice of discovery and inspection improperly sought disclosure of privileged material and that the defendants' cross motion for a protective order was correctly granted with respect thereto. The plaintiffs' reliance upon Pataki v Kiseda (80 AD2d 100, lv dismissed 54 NY2d 831), which construed CPLR 3101 (g) to require disclosure of any written accident report prepared in the regular course of business operations or practices, is misplaced. "There is a

sharp distinction to be recognized between accident reports which result from the regular internal operations of any enterprise, authority or business, and those which are made or produced in connection with the report of an accident to a liability insurer" *(Vernet v Gilbert,* 90 AD2d 846, 847). In the instant case, the first communication to the defendants' insurer regarding the subject claim was from the plaintiffs' attorney. The material sought by the plaintiffs in items 3, 5 and 6 of the demand was material prepared in direct response to that communication. The ensuing investigation into the facts surrounding the claim and the documents compiled incident thereto was undertaken in aid of settlement of the plaintiffs' claim or in contemplation of eventual litigation. As such, the material sought falls within the parameters of CPLR 3101 (d) rather than CPLR 3101 (g) and is exempt from disclosure, as Special Term properly found.

Unlike the majority, however, I am of the view that a protective order should also be granted with respect to item 4 of the plaintiffs' demand. The plaintiffs thereby sought discovery of the contracts referred to in the fifth paragraph of the defendants' answer wherein the defendants admitted that the "[d]efendant, CARROLLWOOD ASSOCIATES contracted with a number of third parties and leaves said contracts for the Court's interpretation". While the subject demand might well involve numerous contracts, the plaintiffs have made no attempt to identify the parties to those contracts, their dates, or the subject matter thereof. "Lacking knowledge of the existence of specific documents, etc., proper procedure requires that the party seeking discovery and inspection pursuant to CPLR 3120 initially make use of the deposition and related procedures provided by the CPLR to ascertain the existence of such documents in order that they may be designated with specificity in a CPLR 3120 notice" *(Haroian v Nusbaum,* 84 AD2d 532, 533; *see, Ehrlich v Ehrlich,* 74 AD2d 519; *City of New York v Friedberg & Assoc.,* 62 AD2d 407; *Rios v Donovan,* 21 AD2d 409).

Inasmuch as item 4 in the plaintiffs' discovery notice lacks sufficient specificity and is overbroad, it should be stricken as palpably improper. The general rule that the failure of a party to challenge a disclosure request in a timely fashion forecloses inquiry into the propriety of the information sought *(see,* CPLR 3122; *Coffey v Orbachs, Inc.,* 22 AD2d 317) does not apply to disclosure requests which are palpably improper *(see, Park Knoll Assoc. v Schmidt,* 99 AD2d 772; *Zambelis v Nicho-*

*las,* 92 AD2d 936). Accordingly, I vote to affirm the order appealed from in its entirety.