■ GUILHERME BRAS, Plaintiff, v ATLAS CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. ROGERS & SONS BUILDING CORP., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, the defendant and third-party plaintiff Atlas Construction Corp. appeals from an order of the Supreme Court, Queens County (Hentel, J.), entered May 2, 1988, which

denied its motion for a protective order with respect to a notice to admit served by the third-party defendant Rogers & Sons Building Corp.

Ordered that the order is affirmed, with costs.

We find unpersuasive the appellant's contentions that the documents in issue, namely, correspondence between an officer of the appellant and its insurer which was turned over to other parties in the action during pretrial discovery, should be subject to a protective order pursuant to the attorney-client privilege or the attorney work product privilege.

The appellant has failed to sustain its burden of proving that the correspondence constituted "a confidential communication made between *the attorney or his employee* and the client in the course of professional employment" (CPLR 4503 [a] [emphasis supplied]; *see generally, Matter of Grand Jury Subpoena [Bekins Record Stor. Co.]*, 62 NY2d 324, 329). Rather, the record demonstrates that the correspondence was initiated by the insurer, *inter alia,* to ascertain the scope of coverage and to investigate the claim. The appellant's reply to the insurer's inquiries was directed to the insurer alone, and neither counsel nor any agent or employee of counsel participated in the correspondence. Accordingly, consonant with the well-settled principle that the attorney-client privilege is to be narrowly construed *(see, Matter of Priest v Hennessy,* 51 NY2d 62), we conclude that the privilege is inapplicable to the matter at bar.

Similarly, the documents involved herein do not fall under the attorney work product privilege *(see,* CPLR 3101 [c]), inasmuch as they were not prepared by an attorney and contain no legal reasoning, strategy or analysis *(see, Bloss v Ford Motor Co.,* 126 AD2d 804; *Graf v Aldrich,* 94 AD2d 823).

To the extent that the correspondence might be viewed as material prepared for litigation *(see,* CPLR 3101 [d] [2]), we conclude that any qualified privilege applicable to such material has been waived in this case by virtue of the appellant's failure to exercise due diligence. The record demonstrates that the documents were served by the appellant upon other parties as business records without any reservation of privilege *(see, Jakobleff v Cerrato, Sweeney & Cohn,* 97 AD2d 834; *Liberty Mut. Ins. Co. v Engels,* 21 AD2d 808). Moreover, while the appellant's files were screened by counsel prior to the release of the documents, counsel described this internal screening procedure as involving the removal of "personal communications between [counsel] and [the appellant]". There-

fore, according to its very nature, this procedure did not preclude the disclosure of documents which fall outside the foregoing definition, even if those documents might otherwise qualify as material prepared for litigation. Hence, while the appellant maintains in retrospect that it never intended to release the communications at issue, its utilization of a screening procedure which was not reasonably designed or executed so as to prevent the inadvertent disclosure supports a finding of waiver (cf., *Manufacturers & Traders Trust Co. v Servotronics, Inc.,* 132 AD2d 392).

Finally, while our dissenting colleague would limit the application of the waiver doctrine to only those situations wherein there is clear and unequivocal proof of an intentional and voluntary waiver of privilege, we conclude that such a rule would effectively abolish the waiver doctrine, inasmuch as affirmative proof of a party's intentional and voluntary disclosure of otherwise privileged material rarely, if ever, will be forthcoming in cases of this nature. Furthermore, the approach advocated by the dissent poses the risk of undermining the obligation of counsel to exercise due diligence and to employ reasonable and effective screening procedures for the selection of material subject to disclosure. Accordingly, the Supreme Court did not err in denying the appellant's motion for a protective order. Mangano, J. P., Sullivan and Balletta, JJ., concur.

Eiber, J., dissents and votes to reverse the order and grant the motion, with the following memorandum: On January 17, 1986, the plaintiff was in the course of performing concrete work at premises located in Valhalla, New York, when he fell from a scaffold. He subsequently commenced an action against, *inter alia,* Atlas Construction Corp. (hereinafter Atlas), the general contractor of the construction project. Atlas later impleaded Rogers & Sons Building Corp. (hereinafter Rogers), the plaintiff's employer.

This appeal involves a dispute as to the admissibility of certain documents which were inadvertently produced by Atlas's counsel and turned over to Rogers during the discovery phase of the proceedings.

The documents at issue, namely correspondence between a representative of Atlas's insurance carrier and Atlas's senior vice-president, contained admissions which were relevant to the underlying accident. These admissions were elicited for use by the insurer and ultimately, its in-house counsel, in order to defend Atlas against the claims interposed by the

plaintiff. The fact that the documents were replete with references to the pending lawsuit and the need to "protect" Atlas's interests serves to substantiate the conclusion that the documents were created exclusively for purposes of litigation and thus entitled to the protection afforded under CPLR 3101 (d) *(see, Faraone v Carrollwood Assocs.,* 123 AD2d 344; *Sprague v International Business Machs. Corp.,* 114 AD2d 1025; *Vernet v Gilbert,* 90 AD2d 846). It is equally evident that Atlas would not have made admissions, inconsistent with the claims asserted in its third-party complaint, absent an expectation that the correspondence would remain confidential.

The majority, nevertheless, concludes that Atlas's motion for a protective order was properly denied on the ground that the inadvertent disclosure by the insurer's in-house counsel constituted a waiver of the privilege that would have otherwise attached. I disagree.

In *Manufacturers & Traders Trust Co. v Servotronics, Inc.* (132 AD2d 392, 399), the Appellate Division, Fourth Department, in an analogous situation, rejected the traditional view that the inadvertent disclosure of documents constitutes a waiver of a privilege and instead held that "[i]ntent must be the primary component of any waiver test". The court elaborated: "although confidentiality can never be restored to a document already disclosed, a court can repair much of the damage done by disclosure by preventing or restricting use of the document at trial. While reasonable precautions might be required to promote appropriate standards of care in document production, there is no reason to apply the harsh traditional approach to a litigant who inadvertently discloses a document, at least prior to the time that remedying an accidental production would cause the adversary any prejudice" *(Manufacturers & Traders Trust Co. v Servotronics, Inc., supra,* at 398).

Although the majority alludes to the fact that a screening procedure had been utilized by the insurer's in-house counsel, there is additional evidence in the record, not referred to by the majority, which establishes that counsel never intended that the subject documents be reproduced much less released to Atlas's adversaries. Thus, as the Fourth Department noted in the *Servotronics* case, "there is no justification to find a waiver of the * * * privilege simply because * * * counsel, despite utilization of a screening procedure, inadvertently produced * * * documents" *(Manufacturers & Traders Trust Co. v Servotronics, Inc., supra,* at 401).

I find the reasoning employed in the *Servotronics* case

*(supra)* to be persuasive and would follow the views expressed therein. While Rogers would clearly benefit from the damaging admissions made by Atlas, this party, like any other litigant, should be put to the task of defending its position by reference to applicable principles of law and not by use of confidential communications which were never meant to be disclosed to anyone other than the liability insurer or its in-house counsel. The record in this case is devoid of evidence to establish a voluntary waiver on the part of Atlas of the privilege it was entitled to invoke under CPLR 3101 (d). Accordingly, I vote to reverse the order appealed from and grant Atlas's motion for a protective order.