■ CLARK-FITZPATRICK, INC., Respondent, v LONG ISLAND RAIL ROAD COMPANY, Appellant, et al., Defendants. (And Third- and Fourth-Party Actions.)—In an action, inter alia, to recover damages for breach of contract, the defendant Long Island Rail Road Company appeals from so much of an order of the Supreme Court, Nassau County (Burstein, J.), entered October 27, 1988, as denied its cross motion for a protective order against the disclosure of certain documents.

Ordered that the order is affirmed insofar as appealed from, with costs.

We find unpersuasive the contentions of the Long Island Rail Road Company (hereinafter LIRR) that the documents at issue, namely a memorandum between an LIRR attorney and its director of capital programs and a report prepared for litigation by a consulting firm at the request of an attorney for the LIRR, should be subject to a protective order. These documents were privileged under the attorney-client and attorney work product doctrines. However, the LIRR failed to exercise due diligence and reasonable care to protect the confidentiality of these documents by allowing one of them to be utilized during a deposition and the other document to be expressly referred to and quoted from in various litigation papers and briefs filed with the Supreme Court, this court, and the Court of Appeals. Furthermore, although opposing counsel first utilized one of the documents in the latter part of 1985 and the other in 1986, the LIRR did not move for a protective order until 1988. The repeated failure of the LIRR to take any action when the plaintiff quoted from the privileged documents in court papers and its failure to even raise the issue of privilege with respect to one of the documents for approximately 10 months after it had been utilized during a deposition, is indicative of the failure of the LIRR to exercise reasonable care and due diligence, and thus, constituted a waiver of the privilege *(see, Bras v Atlas Constr. Corp.,* 153 AD2d 914). Accordingly, the Supreme Court properly denied the cross motion of the LIRR for a protective order. Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.