(December 27, 2004)

■ AFA Protective Systems, Inc., et al., Appellants, v City of New York, Respondent. [788 NYS2d 128]—

In an action for a declaratory judgment, the plaintiffs appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated January 8, 2004, which granted the defendant's motion for a protective order pursuant to CPLR 3103 and 4503, prohibiting the plaintiffs from using or revealing information contained in a memorandum dated February 17, 1994, on the ground that the memorandum was subject to the attorney-client privilege.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The instant litigation was commenced in December 1994 and was marked off the court calendar some years later for settlement discussions. After settlement discussions ended unsuccessfully in November 1998, the plaintiff's attorney informed defense counsel by letter dated November 25, 1998, of his intention to submit to the court a memorandum dated February 17, 1994 (hereinafter the 1994 memo), which was prepared before the commencement of this action by an attorney in the

defendant's employ regarding issues in the subject litigation, in further support of the plaintiffs' pending summary judgment motion.

The 1994 memo was marked "Privileged and Confidential Attorney-Client Communication," and was limited to a finite number of executive-level personnel in the defendant's employ. The plaintiffs' attorney maintained that the 1994 memo was discovered in the files of the plaintiffs' former employee during an office renovation. It is undisputed that the circumstances surrounding the 1994 memo's eventual disclosure are unknown.

Although defense counsel telephoned the plaintiffs' attorney shortly after she received the letter dated November 25, 1998, to object to his intended use of the 1994 memo on the grounds of the attorney-client privilege and attorney work product doctrine, she did not take any further action to assert any privilege regarding the memo, and subsequently resumed settlement discussions in the middle of 2001. The parties agreed to restore the pending summary judgment motion after settlement discussions were ultimately unsuccessful in late 2002.

Approximately four years after receiving notice of the plaintiffs' intention to use the 1994 memo, and months after settlement discussions had ended, the defendant moved in February 2003 for a protective order to prohibit the plaintiffs from using or revealing the information in the subject memo. The Supreme Court granted the motion. We reverse.

In general, disclosure of a privileged document results in waiver of the privilege unless the party asserting the privilege meets its burden in proving that (1) it intended to maintain confidentiality and took reasonable steps to prevent its disclosure, (2) it promptly sought to remedy the situation after learning of the disclosure, and (3) the party in possession of the materials will not suffer undue prejudice if a protective order is granted (*see New York Times Newspaper Div. of N.Y. Times Co. v Lehrer McGovern Bovis*, 300 AD2d 169, 172 [2002]; *Baliva v State Farm Mut. Auto. Ins. Co.*, 275 AD2d 1030, 1031-1032 [2000]; *Kraus v Brandstetter*, 185 AD2d 300 [1992]; *Manufacturers & Traders Trust Co. v Servotronics, Inc.*, 132 AD2d 392 [1987]; *cf. Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 162 AD2d 577 [1990]; *Bras v Atlas Constr. Corp.*, 153 AD2d 914 [1989]).

While the defendant labeled the 1994 memo as a "Privileged and Confidential Attorney-Client Communication" and limited its distribution to a finite number of personnel, under the circumstances of this case, the defendant waived the privilege by failing to exercise due diligence. Here, the defendant knew for approximately four years that the 1994 memo was in the pos-

session of third parties who had the opportunity to make photocopies of it, as well as use and disseminate information contained therein, and took no action to retrieve it.

The record is devoid of any evidence as to whether the defendant demanded that the plaintiffs return the 1994 memo after learning of their intent to use that document in this action. In addition, there is no evidence in this record of what efforts, if any, the defendant made to determine whether the 1994 memo was inadvertently or unlawfully disclosed.

Further, the Supreme Court's grant of the protective order resulted in undue prejudice since the 1994 memo contains information that is relevant to the litigation, and the plaintiffs relied on such information in further support of their pending summary judgment motion. Accordingly, the Supreme Court erred in granting the defendant's motion for a protective order.

The parties' remaining contentions are without merit. Santucci, J.P., Schmidt, Cozier and Rivera, JJ., concur.