| |
|---|
| **Ricci v Discover Bank** |
| 2024 NY Slip Op 34346(U) |
| December 12, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157601/2021 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    __HON. LYLE E. FRANK__      PART      **11M**

*Justice*

-----------------------------------------------------------------------------X

MICHAEL RICCI,

                   Plaintiff,

         - v -

DISCOVER BANK, DISCOVER FINANCIAL SERVICES,
ANA VAZQUEZ,

                   Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157601/2021 |
| MOTION DATE | 09/13/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 56, 57, 58, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90

were read on this motion to/for               MISCELLANEOUS          .

Upon the foregoing documents, defendant's motion is denied, and plaintiff's cross-motion is granted in part and held in abeyance in part.

## Background

Michael Ricci ("Plaintiff") alleges that while he was dating his now ex-girlfriend Ana Vazquez ("Vazquez" or "Individual Defendant"), she used his personal information to open a fraudulent account in his name at Discover Bank ("Discover" or "Corporate Defendant"). When this was reported, Discover undertook an investigation that concluded that Vazquez had permission to open the account. Vazquez was later arrested and stated that Discover had not attempted to verify her statement that she was authorized to open the account. Plaintiff filed suit against Vazquez and Discover in 2021.

At the time that the suit was filed, Discover was represented by the firm Holland & Knight LLP. Over the course of discovery (which is not yet complete), the parties exchanged various documents. These included documents that were stamped "DISCOVER

**157601/2021 RICCI, MICHAEL vs. DISCOVER BANK ET AL**
**Motion No. 003**

Page 1 of 9

[* 1]

CONFIDENTIAL PRODUCTION" at the bottom and documents that contained Plaintiff's personally identifiable information. Neither party requested a confidentiality order. Then in 2024, the firm Morgan, Lewis & Bockius was substituted in as Discover's counsel. When counsel discovered that there had been no confidentiality order, and that Plaintiff's counsel had distributed some of the discovery documents and testimony to third parties, the two sides conferred on the topic of a confidentiality stipulation and order. While Plaintiff has agreed to the entry of an order for future discovery, he does not agree to extend that protection to any documents or testimony already produced.

**Discussion**

Discover has brought the present motion for an entry of an order for the production and exchange of confidential information, including the material already produced in the course of discovery. Plaintiff has opposed and cross-moved for an order compelling discovery of to produce certain documents and witnesses. For the reasons that follow, Discover's motion is denied as to the information produced to date but granted for all forthcoming discovery. Plaintiff's cross-motion is granted as to the documents and two of the witnesses requested, with the rest held in abeyance until after the documents and two witness depositions have been reviewed.

*The Parties Have Waived Confidentiality to This Point*

Courts in New York have the power, on their own initiative or by motion of any party, to issue a protective order limiting the use of discovery material. CPLR § 3103(a). Such confidentiality orders are "routinely approved and enforced." *Mann v. Cooper Tire Co.*, 56 A.D.3d 363, 365 (1st Dept. 2008). Courts have broad discretion in tailoring appropriate

**157601/2021   RICCI, MICHAEL vs. DISCOVER BANK ET AL**
**Motion No.  003**

**Page 2 of 9**

2 of 9

"remedies to prevent the abuse of disclosure devices." *Pursuit Credit Special Opportunity Fund, L.P. V. Krunchcash, LLC*, 227 A.D.3d 628, 628 (1st Dept. 2024). But because of the "broad constitutional proposition" that the public is generally entitled to have access to court proceedings, there is a broad "presumption of public access" to such documents. *Danco Lab., Ltd. v. Chemical Works of Gedeon Richter, Ltd.*, 274 A.D.2d 1, 6-7 (1st Dept. 2000). Here, Plaintiff argues that Discover has waived confidentiality on the documents and testimony produced to date by failing over the course of roughly two years to move for a confidentiality order. Discover argues that by stamping "CONFIDENTIAL" on the documents, they had not waived confidentiality.

Under the general concept of waiver:

> [d]isclosure of a privileged document generally operates as a waiver of the privilege unless it was shown that the client intended to maintain the confidentiality of the document, that reasonable steps were taken to prevent disclosure, that the party asserting the privilege acted promptly after discovering the disclosure to remedy the situation, and that the parties who received the documents will not suffer undue prejudice if a protective order against use of the document is issued. *N.Y. Times Newspaper Div. v. Lehrer McGovern Bovis, Inc.*, 300 A.D.2d 169, 172 (1st Dept. 2002); *see also AFA Protective Sys. v. City of New York*, 13 A.D.3d 564, 565 (2nd Dept. 2004).

Discover here waited years after producing the documents and long after becoming aware that the documents were being disseminated to third parties to move for a confidentiality order protecting the documents and testimony in question. This is not a reasonable time nor is it acting promptly to remedy the dissemination. While the parties agree on a confidentiality order moving forward, the Court declines to extend that protection to documents and testimony that has been produced to date.

*Plaintiff's Discovery Cross-Motion is Granted in Part and Stayed in Part*

**157601/2021   RICCI, MICHAEL vs. DISCOVER BANK ET AL**
**Motion No.  003**

**Page 3 of 9**

[* 3]

Plaintiff has made a cross motion to compel discovery of selected documents and eight additional witnesses, arguing that Discover's prior counsel had agreed to the document production. They also argue that the number of requested witnesses is required due to the decentralized process and multiple investigations that Discover made into the account in question. Discover objects on the grounds that the discovery sought is not relevant and that the additional witnesses would be redundant, given the four that Discover has already produced. Discover has already, through prior counsel, agreed to produce the documents in question and at oral argument, counsel for Discover reiterated this position. As regards the requested witnesses, the Court will permit two of the eight to be deposed, with the rest held in abeyance while Plaintiff reviews the requested documents and two testimonies.

At oral argument, counsel for plaintiff agreed to limit their request for witnesses to two additional individuals, and to hold in abeyance the demand for additional witnesses beyond those two pending those depositions. Accordingly, it is hereby

ADJUDGED that defendant Discover's motion for s confidentiality Order to cover documents exchanged between the parties to date is denied; and it is further

ORDERED that defendant Discover shall produce to plaintiff not more than 60 days following the date of service of this Order with notice of entry, the documents listed in the Exhibit A attachment to discovery demand letter dated March 22, 2024, NYSCEF No. 77; and it is further

ADJUDGED that plaintiff Michael Ricci's motion to compel discovery is granted as to the documents sought and the deposition of S. Hurt and J. Bradle, and it is further

ORDERED and ADJUDGED that defendant Discover Bank shall produce S. Hurt and J. Bradle for deposition, at a location agreeable to the parties, on a date and at a time convenient for

**157601/2021   RICCI, MICHAEL vs. DISCOVER BANK ET AL**
**Motion No.  003**

**Page 4 of 9**

4 of 9

[* 4]

the parties, but not more than 90 days following the date of service of this Order with notice of entry;  and it is further

ADJUDGED that defendant Discover Bank's motion for a protective order is granted as to discovery documents and testimony produced from the date of entry of this judgment; and it is further

ORDERED that any Party or, as appropriate, non-party, may designate Documents produced, or Testimony given, from the date of entry of this judgment, in connection with this action as "confidential," either by notation on each page of the Document so designated, statement on the record of the deposition, or written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means; and it is further

ORDERED The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material produced from the date of this judgment as Confidential Information. If the Producing Party does not agree to declassify such document or material within seven (7) days of the written request, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information; and it is further

ORDERED that, except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person

**157601/2021   RICCI, MICHAEL vs. DISCOVER BANK ET AL**                                      **Page 5 of 9**
  **Motion No.  003**

5 of 9

or entity except to: (a) personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder; (b) counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder; (c) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; (d) the Court and court personnel; (e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer; (f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and (g) any other person agreed to by the Producing Party; and it is further

ORDERED that Before any disclosure of Confidential Information is made to an expert witness or consultant, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Order and obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied; and it is further

**157601/2021   RICCI, MICHAEL vs. DISCOVER BANK ET AL**                                     **Page 6 of 9**
  **Motion No.  003**

6 of 9

ORDERED that during the course of this litigation, if a party is subpoenaed by a third-party with regard to documents covered by the confidentiality provisions of this Order, such party shall notify the other parties not less than 7 days prior to compliance with such subpoena; and it is further

ORDERED that this Order shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as "Confidential Information"; and it is further

ORDERED that a Party may designate as Confidential Information subject to this Order any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the Party (or, as appropriate, non-party) asserting the confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony shall be treated as Confidential Information; and it is further

ORDERED that any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure; and it is further

**157601/2021   RICCI, MICHAEL vs. DISCOVER BANK ET AL**
**Motion No.  003**

**Page 7 of 9**

7 of 9

[* 7]

ORDERED that any document or information, produced after the date of entry of the judgment, that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in this Order, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation; and it is further

ORDERED that in connection with their review of electronically stored information and hard copy documents for production (the "Documents Reviewed") the Parties agree as follows: (a) to implement and adhere to reasonable procedures to ensure Documents Reviewed that are protected from disclosure pursuant to CPLR 3101(c), 3101(d)(2) and 4503 ("Protected Information") are identified and withheld from production. (b) if Protected Information is inadvertently produced, the Producing Party shall take reasonable steps to correct the error, including a request to the Receiving Party for its return. (c) upon request by the Producing Party for the return of Protected Information inadvertently produced the Receiving Party shall promptly return the Protected Information and destroy all copies thereof. Furthermore, the Receiving Party shall not challenge either the adequacy of the Producing Party's document review procedure or its efforts to rectify the error, and the Receiving Party shall not assert that its return of the inadvertently produced Protected Information has caused it to suffer prejudice; and it is further

ORDERED that within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's

**157601/2021   RICCI, MICHAEL vs. DISCOVER BANK ET AL**
**Motion No.  003**

**Page 8 of 9**

8 of 9

[* 8]

option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Order shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter; and it is further

ORDERED that nothing in this Order shall be construed as requiring any party to this Order to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body; and it is further

ORDERED that this Order may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

20241212162901LFRANKC3F89...F9C8F549649200297319B8E45D

| 12/12/2024 | | LYLE E. FRANK, J.S.C. |
| DATE | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| | ☐ GRANTED   ☐ DENIED | ☒ GRANTED IN PART   ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE |

**157601/2021   RICCI, MICHAEL vs. DISCOVER BANK ET AL**
**Motion No.  003**

Page 9 of 9

9 of 9